IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30004 |
| | ) | (Chapter 11) |
| THE RUINS, LLC | ) | |
| | ) | |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | (*Joint Administration Motion Pending*) |

## MOTION TO EXPEDITE AND HOLD FIRST DAY HEARING

Come now Generations on 1st, LLC ("Generations"), Parkside Place, LLC ("Parkside"), and The Ruins, LLC ("Ruins") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned proposed counsel, pursuant to Local Rule 9006-1, and move this Honorable Court to hold an expedited hearing, in consideration of the Debtors' (i) Motion for Joint Administration (DE #5 in all three cases); (ii) Motion to Reject Management Agreement (DE #11 in the Generations and Parkside cases); (iii) Motion for Leave to Use Cash Collateral (DE #12 in the Generations and Parkside cases); and (iv) Motion to Utilize FDIC-Insured Depository Accounts (DE #13 in the Generations and Parkside cases; DE #10 in the Ruins case) (collectively, the "First Day Motions"), and in support thereof state as follows:

Each of the Debtors petitioned for relief, pursuant to Section 301 of Title 11 of the United States Code, on January 6, 2025. Two of the three Debtors operate apartment buildings with scores of tenants; one Debtor is working to complete construction on an apartment building. Yet none of these companies can long persist in their operations as a debtor-in-possession without the relief sought in the First Day Motions (or, more precisely: the two Debtors with operating businesses cannot long persist without first day relief, and the third Debtor will see its case unduly stagnated if minimal first day relief is not afforded).

It is customary for such matters to be heard on shortened notice. *In re Goodrich Quality Theaters, Inc.*, 616 B.R. 514, 516 (Bankr. W.D. Mich. 2020). And, as expressed in each of the underlying motions, there exists a cognizable exigency necessitating a prompt ruling, so as to enable the Debtors to operate as debtors-in-possession in a prudent and responsible fashion.

The Local Rules of this Honorable Court permit expedited hearings. Local Rule 9006-1. Consistent with those rules, the Debtors submit as follows:

a. The grounds of each of the First Day Motions is set forth therein;

b. The Debtors propose a hearing date of Thursday, January 16, 2025, at a time of this Honorable Court's choosing, for the First Day Motions;

c. The Debtors propose responses to the First Day Motions be due by 5:00 pm prevailing central time on Wednesday, January 15, 2025; and

d. While the Debtors are cognizant that Local Rule 9006-1 only permits hearings on "less than seven days" notice in "extraordinary circumstances," the Debtors respectfully submit that the relief sought is "extraordinary" inasmuch as it is essential to the Debtors' reorganizational prospects and, in turn, the ultimate recovery of their respective creditors.

   e. Should this Honorable Court issue a notice setting the First Day Motion for hearing, the Debtors will serve the same via e-mail on all parties in interest for whom the Debtors have an e-mail address (excepting those already represented by counsel receiving notice via CM/ECF), and will file a certificate of such service. The Debtors will also send such notice, via US Mail, to the 20 largest unsecured creditors (excluding insiders) in the Generations and Parkside cases, insofar as one of the First Day Motions in those two cases does seek the utilization of cash collateral.

   Jesse Craig, the principal of all three Debtors, and their undersigned proposed reorganizational counsel, have made arrangements to be in Fargo on Thursday, January 16, 2025, and would desire to appear at a hearing in person. The Debtors do ask, however, that any such hearing also be held via videoconference, so as to accommodate parties in interest who may not be able to travel to this Honorable Court on shortened notice.

               Respectfully Submitted,

Dated: January 8, 2025      By: /s/ Maurice B. VerStandig
                 Maurice B. VerStandig, Esq.
                 The Dakota Bankruptcy Firm
                 1630 1st Avenue N
                 Suite B PMB 24
                 Fargo, North Dakota 58102-4246
                 Phone: (701) 394-3215
                 mac@dakotabankruptcy.com
                 *Proposed Counsel for the Debtors*

            *[Signature on Following Page]*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January, 2025, a copy of the foregoing was served electronically upon filing via the ECF system. I further note that on January 7, 2025, a substantively similar copy was sent, via e-mail, to all parties receiving notice via ECF, at a time when this Honorable Court's ECF system appeared to be experiencing technical difficulties. Aside from (i) changing the date of this document; (ii) updating this certificate of service; and (iii) correcting the case caption to note that a joint administration motion is pending and to include the caption for Ruins, no alterations have been made between the copy informally served on January 7, 2025 and this filed version.

/s/ Maurice B. VerStandig
Maurice B. VerStandig