## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| In Re: | Case No.: 25-30002 |
| | Chapter 11 |
| Generations on 1ˢᵗ LLC, | |
| Debtor. | |
| In Re: | Case No.: 25-30003 |
| | Chapter 11 |
| Parkside Place LLC, | |
| Debtor. | |

## RED RIVER STATE BANK'S MOTION FOR ENTRY OF AN ORDER REQUIRING CERTAIN ENTITIES TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004

Red River State Bank ("RRSB") files this motion (the "Motion") to seek entry of an order[1] authorizing and directing discovery from the following individuals and entities: The Ruins, LLC, Generations on 1ˢᵗ LLC, Parkside Place LLC, The Lofts, LLC, Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, CP Business Management, Inc., Prevail, LLC, Clausen Construction Inc., Limoges Construction Inc., Watertown Cashway Lumber, Inc., Freddy's Drywall, LLC, Innovative Wall Designs, Inc., Kloos Electric LLC, Don Johnson Construction Inc., Baete-Forseth, HVAC, LLC, Dugan Sales & Service Inc., United Rentals (North America), Inc., KLJ Engineering Inc., Gage Bros Concrete Prod. Inc., Swanston Equipment Corp., Rusco Window Co., Duininck Concrete LLC

---

[1] The proposed form of order is attached hereto as Exhibit A.

and Duinick Inc., TL Stroh Architects LTD, LaDue Construction, Inc., Hebron Brick Supply Co, Lakeside Construction & Masonry LLC, RL Drywall and Insulation Inc., Infrastructure Design Group Inc., Glacial Lakes Title LLC d/b/a First Dakota Title Watertown, Expert Insulation of Minnesota LLC d/b/a Interstate Insulation, ARS, a Tecta America Company, LLC, and Town & Country Credit Union.  In support of this Motion, RRSB respectfully represents as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of North Dakota (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested in this Motion are 11 U.S.C. §§ 105(a) and 362(a) and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

4.      By this Motion, RRSB seeks to compel Clausen Construction Inc., Limoges Construction Inc., Watertown Cashway Lumber, Inc., Freddy's Drywall, LLC, Innovative Wall Designs, Inc., Kloos Electric LLC, Don Johnson Construction Inc., Baete-Forseth, HVAC, LLC, Dugan Sales & Service Inc., United Rentals (North America), Inc., KLJ Engineering Inc., Gage Bros Concrete Prod. Inc., Swanston Equipment Corp., Rusco Window Co., Duininck Concrete LLC and Duinick Inc., TL Stroh Architects LTD, LaDue Construction, Inc., Hebron Brick Supply Co, Lakeside Construction & Masonry LLC, RL Drywall and Insulation Inc., Infrastructure Design Group Inc., Glacial Lakes Title LLC d/b/a First Dakota Title Watertown, Expert Insulation of Minnesota LLC d/b/a Interstate Insulation, ARS, a Tecta

2

America Company, LLC, and Town & Country Credit Union to produce the discoverable information set forth in **Exhibit B-1**, which information is necessary for RRSB to fully gauge the extent of the estates' assets, including the extent of their claims against various related insider parties (the "Third-Party Discovery").

5.      By this Motion, RRSB also seeks to compel The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, The Lofts, LLC, Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, CP Business Management, Inc., Prevail, LLC, and Town & Country Credit Union to produce the discoverable information set forth in **Exhibit B-2**, which information is necessary for RRSB to fully gauge the extent of the estates' assets, including the extent of their claims against various related insider parties  (the "Affiliate Discovery").

**BASIS OF RELIEF**

6.      Rule 2004 provides the courts with authority to order examinations regarding a debtor's finances and other matters affecting estate administration.[2]  A Rule 2004 examination is broader in the scope than discovery under Rule 26 of the Federal Rules of Civil Procedure.[3] The request for discovery concerning the debtor's assets and financial affairs may include examination of the debtor as well as third parties.[4]

---

[2]  *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (holding that Rule 2004 "provides courts with the authority to order examinations with respect to the financial matters of debtors as well as other matters affecting the administration of the estate").

[3]  *In re Hentz*, Case No. 12-30114, 2012 WL 2263121, at *2 (Bankr. D.N.D. June 18, 2012) ("The scope of a Rule 2004 examination is broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure." (citing *In re Apex Oil Co.*, 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989))).

[4]  *Id.* (quoting *In re Apex Oil Co.*, 101 B.R. at 102).  In ruling on a Rule 2004 information request, "section 105(a) of the Bankruptcy Code 'sets out the power of the bankruptcy court

7.    As discussed below, RRSB's discovery request is justified given its pressing need for the Affiliate Discovery and Third-Party Discovery and the narrow range of information sought—information that falls well within the broad scope of Rule 2004.

**I.    Insider Transactions and Prior Discovery.**

8.    Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs fail to disclose any transactions with Debtors' insiders and other related parties. Nevertheless, RRSB has identified many insider transactions not disclosed by Debtors.  A non-exhaustive list of some of the insider transactions discovered by RRSB is discussed below.

9.    RRSB issued a total of twenty-five (25) subpoenas in the three (3) Codington County Circuit Court, South Dakota foreclosure cases involving Generations, Parkside, and the Ruins, LLC. The documentation requested by the subpoenas included quotes, invoices, statements, payment applications, records of payments received, lien waivers, written communications, etc. for the following projects:

a.    The "Ruins Project" referring to the construction of the building located at 315 East Kemp Ave., Watertown, South Dakota.

b.    The "Parkside Project" referring to the construction of the building located at 8 2nd St. NE, Watertown, South Dakota.

c.    The "Generations Project" referring to the construction of the building located at 26 1st Ave SW, Watertown, South Dakota.

---

to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.'" *Hughes*, 281 B.R. at 226 (quoting *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986)).

d.  The "Lofts Project" referring to the construction of the building located at 10 N. Broadway, Watertown, South Dakota. Jesse Craig was the sole member of The Lofts LLC until January 2024 when he sold 100% of his membership units to a third-party. On information and belief, Jesse Craig is obligated to defend, indemnify and hold harmless the buyer from and against all claims, damages, and causes of action or related to all liabilities that occurred before the closing.

e.  The "Craig Lake Home Project" shall mean the construction of the building located at 22587 Knollwood Lane, Pelican Rapids, Minnesota. The title owner of this property is Craig Holdings, LLC and Jesse Craig holds 100% of the membership interests.

The following chart identifies the entities subpoenaed and whether responses were provided:

| Entity Subpoenaed | Date Subpoena served | Response Received? | Notes |
|---|---|---|---|
| Clausen Construction Inc. | 10/3/2024 | Yes | Documents for the Lofts, Parkside, Generations, the Ruins, and the Craig Lake Home projects received. Follow up may be required. |
| Limoges Construction Inc. | 10/11/2024 | Yes | Documents for the Lofts, Parkside, Generations, and the Ruins projects received. Follow up may be required. |
| Watertown Cashway Lumber, Inc. | 10/3/2024 | Yes | Documentation for the Lofts, Parkside, Generations, and the Ruins projects received. Follow up may be required. |
| Freddy's Drywall, LLC | 10/14/2024 | Yes | Documentation for the Ruins project received. Follow up may be required. |
| Innovative Wall Designs, Inc. | 10/14/2024 | Yes | Documentation was provided but does not clearly identify projects. Follow up will be required. |
| Kloos Electric LLC | 10/2/2024 | Yes | Documentation for the Lofts, Parkside, Generations, and the Ruins projects received. Follow up may be required. |

| | | | |
|---|---|---|---|
| Don Johnson Construction Inc. | 10/9/2024 | Yes | Documentation for the Lofts, Parkside, Generations, and the Ruins projects received. Follow up may be required. |
| Baete-Forseth, HVAC, LLC | 10/9/2024 | Yes | Documentation for The Lofts, Parkside, Generations, and the Ruins projects received. Follow up may be required. |
| Dugan Sales & Service Inc. | 10/3/2024 | No | Provided appliances for the Ruins but inspection has determined a significant number missing. Will likely require a motion to compel to enforce compliance with subpoena. |
| United Rentals (North America), Inc. | 10/3/2024 | Yes | Documentation for the Craig Lake Home project received. Follow up will be required. |
| KLJ Engineering Inc. | 10/4/2024 | Yes | Documentation for the Craig Lake Home project received. Follow up will be required. |
| Gage Bros Concrete Prod. Inc. | 10/9/2024 | Yes | Documents for Generations, Parkside, and Ruins projects received. Follow up may be required. |
| Swanston Equipment Corp. | 10/14/2024 | Yes | Documents received but difficult to identify project – follow up will be required. |
| Rusco Window Co. | 10/15/2024 | Yes | Documents for the Lofts, Parkside, Generations, and Ruins projects received. Follow up may be required |
| Duininck Concrete LLC and Duinick Inc. | 10/8/2024 | Yes | Information provided by Duininck was for completely unrelated entities. Follow up required. |
| TL Stroh Architects LTD | 10/9/2024 | Yes | Documentation for the Parkside, Generations, and Ruins projects received. Follow up may be required. |
| LaDue Construction, Inc. | 10/7/2024 | Yes | Documentation for the Generations and Ruins projects received. Follow up may be required. |
| Hebron Brick Supply Co | 10/9/2024 | Yes | Documentation for the Lofts, Parkside, Generations, the Ruins, and the Craig Lake Home projects received. Follow up may be required. |
| Lakeside Construction & Masonry LLC | 10/5/2024 | Yes | Documentation for the Ruins and Craig Lake Home projects received. Follow up may be required. |
| RL Drywall and Insulation Inc. | 11/14/2024 | Yes | Documentation for the Lofts and Parkside projects received. Follow up may be required. |
| Infrastructure Design Group Inc. | 11/12/2024 | Yes | Documentation for the Lofts, Parkside, Generations, and Ruins projects received. Follow up may be required. |

6

| Glacial Lakes Title LLC d/b/a First Dakota Title Watertown | 12/31/2024 | Yes | Partial response provided re: Lofts, Parkside, Generations, Ruins, and Craig Lake Home projects received. Follow up is required. |
| Expert Insulation of Minnesota LLC d/b/a Interstate Insulation | 12/3/2024 | No | Follow up will be required. |
| ARS, a Tecta America Company, LLC | 12/3/2024 | Yes | Documentation for the Lofts, Parkside, Generations, and Ruins projects received. Follow up may be required. |

10. Additionally, RRSB served the following discovery on Parkside and Jesse Craig:

    a. Plaintiff's Requests for Admission to Defendants Parkside Place and Jesse Craig (Set I) and Exhibits 1-16 dated November 15, 2024 (the "Parkside RFA's (Set I)"). Parkside and Jesse Craig did submit Responses of Defendants Parkside Place, LLCC and Jesse Craig to the Parkside RFA's (Set I) on December 19, 2024 (the "Parkside Responses to RFA's (Set I)"). However, the Parkside Responses to RFA's (Set I) were wholly insufficient and did not include any explanation or documentation which was requested in concurrently served interrogatories and request for documents. A true and correct copy of the Parkside RFA's (Set I) is attached as **Exhibit 1(A)** and the Parkside Responses to RFA's (Set I) is attached as **Exhibit 1(B)**.

    b. Plaintiff's Interrogatories and Request for Production of Documents to Defendants Parkside Place, LLC and Jesse Craig (Set I) dated November 15, 2024 (the "Parkside Interrogatories (Set I)"). A true and correct copy of the Parkside Interrogatories (Set I) are attached hereto as **Exhibit 2**.

Parkside and Jesse Craig have <u>not</u> answered these interrogatories or provided <u>any</u> documents in response.

c.  Plaintiff's Requests for Admission to Defendants Parkside Place and Jesse Craig (Set II) and Exhibits 1-C, 4-C, 4-D, and 4-E dated November 15, 2024 (the "<u>Parkside RFA's (Set II)</u>"). Parkside and Jesse Craig did submit Responses of Defendants Parkside Place, LLCC and Jesse Craig to the Parkside RFA's (Set II) on December 19, 2024 (the "<u>Parkside Responses to RFA's (Set II)</u>"). However, the Parkside Responses to RFA's (Set II) were wholly insufficient and did not include any explanation or documentation requested by the Parkside Interrogatories (Set I). A true and correct copy of the Parkside RFA's (Set II) is attached as **<u>Exhibit 3(A)</u>** and the Parkside Responses to RFA's (Set II) is attached as **<u>Exhibit 3(B)</u>**.

d.  The following chart identifies Parkside transactions that raise serious concerns as to Debtors' possible falsification of invoices, insider transactions, fraudulent transfers, and self-dealing:

| Draw No. | Subcontractor | Amount in Question | Notes |
|---|---|---|---|
| #1 | Gage Bros. Concrete Prod. Inc | $300,000 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set I), Nos. 7-12 at **Exhibit 1(A)**] |
| #1 | T.L. Stroh Architects | $189,000 | Work performed on Parkside Project was fixed fee of $167,000 and subcontractor had no record of this invoice. [Parkside RFA's (Set II), Nos. 98-101; **Exhibit 3(A)**] |
| $2 | Limoges Construction | $75,000 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., |

| | | | |
|---|---|---|---|
| | | | Watertown, SD. [Parkside RFA's (Set I), Nos. 13-20 at **Exhibit 1(A)**] |
| #3 | Limoges Construction | $109,080 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set I), Nos. 21-27 at **Exhibit 1(A)**] |
| #4 | Limoges Construction | $12,746 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set I), Nos. 28-32 at **Exhibit 1(A)**] |
| #4 | R.L. Drywall and Insulation Inc | $46,050 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set II), Nos. 102-109 at **Exhibit 3(A)**] |
| #5 | Watertight Inc. | $74,500 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set I), Nos. 33-39 at **Exhibit 1(A)**] |
| #5 | Baete-Forseth HVAC LLC | $15,210 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set I), Nos. 40-44 at **Exhibit 1(A)**] |
| #6 | Craig Development, LLC | $105,000 | Pay application does not reflect that sum of $105,000 was actually credited to development fee. [Parkside RFA's (Set I), Nos. 45-53 at **Exhibit 1(A)**] |
| #10 | The Ruins, LLC | $5,280.76 | Codington County real estate taxes for the Ruins, LLC property. [Parkside RFA's (Set I), Nos. 67-71 at **Exhibit 1(A)**] |
| #11 | R.L. Drywall and Insulation, Inc. | $130,000 | Admission by Parkside and Jesse Craig that subcontractor was to be paid total amount of $228,000 for work performed on Parkside Project. This appears to be a duplicate request of the $130,000 in Draw #10. [Parkside RFA's (Set II), Nos. 102, 110-114 at **Exhibit 3(A)**] |
| #13 | R.L. Drywall and Insulation, Inc. | $98,000 | Admission by Parkside and Jesse Craig that subcontractor was to be paid total amount of $228,000 for work performed on Parkside Project. However, based on the amounts submitted in Draw #4 ($46,050 – for the Lofts Apartments), Draw Request #10 ($130,000), Draw #11 ($130,000), and Draw #13 ($98,000), it would appear that Parkside and/or Craig |

| | | | |
|---|---|---|---|
| | | | Development, LLC received a total of $404,050 for reimbursement for work allegedly performed by R.L. Drywall and Insulation, Inc. which is $176,050 more than should have been disbursed. [Parkside RFA's (Set II), Nos. 112-114 at **Exhibit 3(A)**] |
| #13 | Xtreme Fire Protection Inc. | $1,009 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set II), Nos. 117-119 at **Exhibit 3(A)**] |
| #13 | Xtreme Fire Protection Inc. | $3,600 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Parkside RFA's (Set II), Nos. 117-119 at **Exhibit 3(A)**] |
| #13 | Clausen Construction Inc. | $4,776 | Property that was the subject of this reimbursement request was the Generations on 1st Apartments located at 26 1st Ave., Watertown, SD. [Parkside RFA's (Set II), Nos. 120-122 at **Exhibit 3(A)**] |

11.    Additionally, RRSB served the following discovery on Generations and Jesse Craig:

a.    Plaintiff's Requests for Admission to Defendants Generations on 1st, LLC and Jesse Craig (Set I) and Exhibits 1-20 dated December 5, 2024 (the "Generations RFA's (Set I)"). Generations and Jesse Craig did <u>not</u> submit responses to the Generations RFA's. A true and correct copy of the Generations RFA's (Set I) is attached as **Exhibit 4**.

b.    Plaintiff's Interrogatories and Request for Production of Documents to Defendants Generations on 1st, LLC and Jesse Craig (Set I) dated December 5, 2024 (the "Generations Interrogatories (Set I)"). A true and correct copy of the Generations Interrogatories (Set I) are attached hereto

as **Exhibit 5**. Parkside and Jesse Craig have <u>not</u> answered these interrogatories or provided <u>any</u> documents in response.

c.    The following chart identifies Generations transactions that raise serious concerns as to Debtors' falsification of invoices, insider transactions, fraudulent transfers, and self-dealing:

| Draw No. | Subcontractor | Amount in Question | Notes |
|---|---|---|---|
| #1 | Clausen Construction | $158,000 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 1-14 at **Exhibit 3(A)**] |
| #1 | T.L. Stroh Architects | $92,000 | Work performed on Generations Project was fixed fee of $350,000 and subcontractor had no record of this invoice. [Generations RFA's (Set I), Nos. 15-20; **Exhibit 3(A)**] |
| #1 | Limoges Construction | $120,000 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 21-23 at **Exhibit 3(A)**] |
| #1 | Gage Bros Concrete Prod. Inc. | $180,000 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Generations RFA's (Set I), Nos. 25-27 at **Exhibit 3(A)**] |
| #1 | Infrastructure Design Group Inc. | $10,472 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 28-32 at **Exhibit 3(A)**] |
| #2 | T.L. Stroh Architects | $68,000 | Work performed on Generations Project was fixed fee of $350,000 and subcontractor had no record of this invoice. [Generations RFA's (Set I), Nos. 33-36; **Exhibit 3(A)**] |
| #2 | Gage Bros Concrete Prod. Inc. | $120,000 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Generations RFA's (Set I), Nos. 37-39 at **Exhibit 3(A)**] |
| #3 | Clausen Construction | $126,905 | Property that was the subject of this reimbursement request was the Parkside |

11

| | | | |
|---|---|---|---|
| | | | Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 50-53 at **Exhibit 3(A)**] |
| #3 | T.L.Stroh Architects | $58,450 | Work performed on Generations Project was fixed fee of $350,000 and subcontractor had no record of this invoice. [Generations RFA's (Set I), Nos. 54-57; **Exhibit 3(A)**] |
| #5 | Clausen Construction | $9,287 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 62-63; **Exhibit 3(A)**] |
| #8 | Lowe's/Craig Development, LLC | $101,255 | No supporting documentation submitted. Unknown if allegedly purchased materials incorporated into the Generations Project. [Generations RFA's (Set I), Nos. 72-79; **Exhibit 3(A)**] |
| #9 | Craig Development, LLC | $180,000 | No supporting documentation provided for "sheetrock deposit". Unknown if allegedly purchased materials incorporated into the Generations Project. [Generations RFA's (Set I), Nos. 80-87; **Exhibit 3(A)**] |
| #9 | Craig Development, LLC | $50,000 | No supporting documentation provided for "ICAP HVAC". Unknown if allegedly purchased materials incorporated into the Generations Project. [Generations RFA's (Set I), Nos. 88-91; **Exhibit 3(A)**] |
| #11 | Kloos Electric | $308,500 | Subcontractor had no record of any payment application for this amount. [Generations RFA's (Set I), Nos. 96-103; **Exhibit 3(A)**] |
| #11 | East River Homes Inc. | $4,527 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Generations RFA's (Set I), Nos. 103-106; **Exhibit 3(A)**] |
| #11 | Cashway Lumber | $12,648 | Property that was the subject of this reimbursement request was the Lofts Apartments located at 10 N. Broadway St., Watertown, SD. [Generations RFA's (Set I), Nos. 107-109;**Exhibit 3(A)**] |
| #11 | Clausen Construction | $5,607 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 110-112; **Exhibit 3(A)**] |
| #11 | T.L. Stroh Architects | $7,760 | Work performed on Generations Project was fixed fee of $350,000 and subcontractor had no record of this |

| | | | |
|---|---|---|---|
| | | | invoice. [Generations RFA's (Set I), Nos. 54-57, 113-115; **Exhibit 3(A)**] |
| #11 | T.L. Stroh Architects | $5,300 | Work performed on Generations Project was fixed fee of $350,000 and subcontractor had no record of this invoice. [Generations RFA's (Set I), Nos. 54-57, 113-115; **Exhibit 3(A)**] |
| #11 | Hebron Brick | $1,548 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 116-118; **Exhibit 3(A)**] |
| #11 | Hebron Brick | $4,644 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 116-118; **Exhibit 3(A)**] |
| #12.2 | Infrastructure Design Group Inc. | $4,561 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 121-129; **Exhibit 3(A)**] |
| #12.2 | The Ruins, LLC | $4,825 | Property that was the subject of this reimbursement request was the Ruins Apartments located at 315 E. Kemp Ave., Watertown, SD. [Generations RFA's (Set I), Nos. 130-134; **Exhibit 3(A)**] |
| #13 | Kloos Electric | $8,045 | Subcontractor had no record of any payment application for this amount. [Generations RFA's (Set I), Nos. 135-141; **Exhibit 3(A)**] |
| #13 | Craig Development, LLC | $187,000 | No supporting documentation provided for "finishing materials". Unknown if allegedly purchased materials incorporated into the Generations Project. [Generations RFA's (Set I), Nos. 142-145; **Exhibit 3(A)**] |
| #13 | Burghardt Construction | $5,521 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 146-148; **Exhibit 3(A)**] |
| #13 | Commercial Cleaning | $4,260 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 149-151; **Exhibit 3(A)**] |
| #14 | Pro Tec (ARS) | $32,880 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, |

| | | | |
|---|---|---|---|
| | | | Watertown, SD. [Generations RFA's (Set I), Nos. 152-158; **Exhibit 3(A)**] |
| #14 | Craig Development, LLC | $175,000 | No supporting documentation provided for "finishing materials". Unknown if allegedly purchased materials incorporated into the Generations Project. [Generations RFA's (Set I), Nos. 159-162; **Exhibit 3(A)**] |
| #15 | Watertight Inc. | $156,000 | Unknown if funds disbursed for this subcontractor went towards the Generations Project. [Generations RFA's (Set I), Nos. 170-172; **Exhibit 3(A)**] |
| #16 | Commercial Cleaning | $1,375 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 176-182; **Exhibit 3(A)**] |
| #16 | Levijoki Drywall | $1,909 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 183-185; **Exhibit 3(A)**] |
| #16 | Infrastructure Design Group Inc. | $1,924 | Property that was the subject of this reimbursement request was the Parkside Place Apartments located at 8 2nd St NE, Watertown, SD. [Generations RFA's (Set I), Nos. 186-188; **Exhibit 3(A)**] |
| #16 | Craig Development, LLC | $79,900 | No supporting documentation provided for "appliances". Unknown if allegedly purchased materials incorporated into the Generations Project. [Generations RFA's (Set I), Nos. 189-192; **Exhibit 3(A)**] |

## II.  The Requested Discovery is Justified and Well Within the Scope of Rule 2004.

12.    RRSB has indicated to Debtors that it is interested in moving forward as quickly as possible with ascertaining whether reorganization Chapter 11 plans are feasible in these cases.  Ideally, RRSB would like to see a potential reorganization plan include a global resolution of all claims between Debtors and their various insiders and affiliates.

13.    RRSB has refrained from seeking Affiliate Discovery and Third-Party Discovery at the immediate outset of this case, however, it is now time to move forward with

14

Affiliate Discovery and Third-Party Discovery so that key constituents can move forward with informed discussions around Debtors' ultimate exit from Chapter 11.

14.     As the constituency with the largest pecuniary interest in this case, RRSB should be entitled to fulsome discovery regarding Debtors' financial affairs, and the other various insider dealings in these cases. The significant overlap between Debtors and their principals make such discovery even more essential, and much less intrusive.

15.     This Affiliate Discovery and Third-Party Discovery will address not only the Debtors' financial condition but, among other things, the actions and inactions of its various insiders and affiliates, matters of corporate governance, duties of care and loyalty, and various other possible claims among The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, The Lofts, LLC, Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, CP Business Management, Inc. and/or Prevail, LLC. RRSB is also requesting that it be permitted to subpoena Town and Country Credit Union directly as this was the primary banking entity that issued checks to subcontractors on the Parkside and Generations projects.

16.     Given the broad scope of allowable Rule 2004 examinations, the narrowly tailored and important requests set forth herein merit approval.

### NOTICE

17.     RRSB shall provide notice of this Motion on the date hereof to (i) counsel for Debtors and the Ruins, LLC, (ii) the Office of the United States Trustee, (iii) The Lofts, LLC, Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, CP Business Management, Inc., and/or Prevail, LLC; and (iv) those parties that have

requested notice pursuant to Bankruptcy Rule 2002. RRSB submits that, in light of the nature of the relief requested, no other further notice need be given.

## NO PRIOR REQUEST

18.    No prior request for the relief sought in this Motion has been made to this or any other court.

## RELIEF REQUESTED

19.    WHEREFORE, RRSB respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion of: 1) permitting RRSB to continue its Third-Party Discovery already initiated in the three South Dakota state court foreclosure lawsuits concerning subcontractors in substantially the form as set forth in **Exhibit B-1**, and 2) requiring The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, The Lofts, LLC, Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, CP Business Management, Inc., and Prevail, LLC to provide the Affiliate Discovery substantially identified in the attached **Exhibit B-2** including allowing RRSB to subpoena Town and Country Credit Union as the primary bank entity that issued checks to subcontractors; and 3) requiring Debtors to fully and completely respond to the discovery previously served in the South Dakota Circuit Court which has been filed as **Exhibit 1(A)**, **Exhibit 2**, **Exhibit 3(A)**, **Exhibit 4**, and **Exhibit 5**.

Dated this 25th day of February, 2025.

**VOGEL LAW FIRM**


BY:*/s/  Caren W. Stanley* _____
     Caren W. Stanley (#06100)
     cstanley@vogellaw.com
     Drew J. Hushka (#08230)
     dhushka@vogellaw.com
     218 NP Avenue
     PO Box 1389
     Fargo, ND  58107-1389
     701.237.6983
     ATTORNEYS FOR RED RIVER STATE
     BANK

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| In Re: | Case No.:  25-30002 |
|---|---|
| Generations on 1ˢᵗ LLC, | Chapter 11 |
| Debtor. | |
| In Re: | Case No.:  25-30003 |
| Parkside Place LLC, | Chapter 11 |
| Debtor. | |

**ORDER GRANTING RED RIVER STATE BANK'S MOTION FOR ENTRY OF AN ORDER REQUIRING CERTAIN ENTITIES TO PROVIDE INFORMATION PURSUANT TO BANKRUPTCY RULE 2004**

Upon the motion (the "Motion") of RRSB[5] for entry of an order (this "Order") requiring the above captioned debtors in possession (the "Debtors"), The Ruins, LLC, The Lofts, LLC, Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, CP Business Management, Inc., and Prevail, LLC (collectively, the "Affiliates"), Town and Country Credit Union as the primary bank entity for Debtors and its Affiliates, and the Debtors' subcontractors including but not limited to Clausen Construction Inc., Limoges Construction Inc., Watertown Cashway Lumber, Inc., Freddy's, Drywall, LLC, Innovative Wall Designs, Inc., Kloos Electric LLC, Don Johnson Construction Inc., Baete-Forseth, HVAC, LLC, Dugan Sales & Service Inc., United Rentals (North America), Inc., KLJ

---

[5]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

Engineering Inc., Gage Bros Concrete Prod. Inc., Swanston Equipment Corp., Rusco Window Co., Duininck Concrete LLC and Duinick Inc., TL Stroh Architects LTD, LaDue Construction, Inc., Hebron Brick Supply Co, Lakeside Construction & Masonry LLC, RL Drywall and Insulation Inc., Infrastructure Design Group Inc., Glacial Lakes Title LLC d/b/a First Dakota Title Watertown, Expert Insulation of Minnesota LLC d/b/a Interstate Insulation, ARS, a Tecta America Company, LLC (collectively the "Third-Party Subcontractors"), to   provide documents previously subpoenaed in South Dakota Circuit Court litigation, to issue additional document subpoenas, produce testifying witnesses, and answer discovery previously served; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that RRSB provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having determine that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      RRSB may continue with the prior discovery it has initiated by subpoena duces tecum in the three foreclosure actions in South Dakota Circuit Court with respect to the Third-Party Subcontractors and may issue subpoenas in these bankruptcy cases with respect to other subcontractors of Debtors not previously subpoenaed requesting the documents and

information substantially identified in **Exhibit B-1**. RRSB may also take Rule 2004 depositions of Third-Party Subcontractors.

3.      RRSB may issue a subpoena to Town and Country Credit Union for 2020-present for copies of bank statements, checks (front and back), wire transfer records, deposits, etc. for the accounts of Debtors and its Affiliates.

4.      RRSB may conduct further discovery with respect to the Debtors and their Affiliates including issuance of subpoenas and taking Rule 2004 depositions with respect to the documents and information substantially identified in **Exhibit B-2**.

5.      The Debtors are directed to fully and completely respond to the discovery previously served in the South Dakota Circuit Court which has been filed as **Exhibit 1(A)**, **Exhibit 2**, **Exhibit 3(A)**, **Exhibit 4**, and **Exhibit 5** within two weeks of the entry of this order.

6.      RRSB is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2025            _____

                                                The Honorable Shon Hastings
                                                United States Bankruptcy Judge

## EXHIBIT B – 1

**(Third-Party Discovery - Documents Requested by Subpoena Duces Tecum)**

<u>**DEFINITIONS**</u>

The following words have meanings ascribed to them below, namely:

1. The term "document" is used in the broadest sense and shall include all originals (and every copy of any original or copy that differs in any way from any original) and all drafts of any tangible items, writings, or recordings of any kind of description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means whatsoever, including, without limitation, memoranda, letter or other correspondence, travel logs, service logs, records, papers, notes, reports, appointment books, diaries, telephone bills and toll call records, contracts, agreements, written memorials of oral communications, advertisements, specifications, blue prints, drawings, sketches, models, molds, graphics, plans, laboratory or engineering summaries, audits, inventories, work papers, profit and loss statements, cash flow statements, financial statements, registrations, licenses, permits, applications, purchase orders, invoices, receipts, photographs, photographic slides or negatives, and all retrievable information in computer or other electronic storage.

2. The terms "You," "you," "Yours," and "yours shall all refer to the individual or entity to whom this Subpoena Duces Tecum is directed.

3. The term "Craig Affiliates" shall refer to The Ruins, LLC, Parkside Place, LLC, Generations on 1st, LLC, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, Jesse Craig, and/or Prevail, LLC.

4. The term "Ruins Project" shall mean the construction of the building located at 315 East Kemp Ave., Watertown, South Dakota.

5. The term "Parkside Project" shall mean the construction of the building located at 8 2nd St. NE, Watertown, South Dakota.

6. The term "Generations Project" shall mean the construction of the building located at 26 1st Ave SW, Watertown, South Dakota.

7. The term "Lofts Project" shall mean the construction of the building located at 10 N. Broadway, Watertown, South Dakota.

8. The term "Craig Lake Home Project" shall mean the construction of the building located at 22587 Knollwood Lane, Pelican Rapids, Minnesota.

<u>**DOCUMENTS REQUESTED**</u>

All documents, correspondence, memoranda, records, reports, and data compilations maintained in any form or format with respect to:

1.    All written communications between the Craig Affiliates or anyone acting on their behalf and You or anyone acting on Your behalf from January 1, 2020 to present with respect to the Ruins Project, including but not limited to text messages and emails.

2.    Business documentation for the Ruins Project including but not limited to:

a.    Quotes and/or contract for services or materials to be provided;

b.    Invoices, statements, and payment applications for services and/or materials provided;

c.    Records of payments received for services and materials provided including but not limited to copies of checks (front and back), wire transfer records, etc.; and

d.    Lien waivers.

3.    All written communications between the Craig Affiliates or anyone acting on their behalf and You or anyone acting on Your behalf from January 1, 2020 to present with respect to the Parkside Project, including but not limited to text messages and emails.

4.    Business documentation for the Parkside Project including but not limited to:

a.    Quotes and/or contract for services or materials to be provided;

b.    Invoices, statements, and payment applications for services and/or materials provided;

c.    Records of payments received for services and materials provided including but not limited to copies of checks (front and back), wire transfer records, etc.; and

d.    Lien waivers.

5.    All written communications between the Craig Affiliates or anyone acting on their behalf and You or anyone acting on Your behalf from January 1, 2020 to present with respect to the Generations Project, including but not limited to text messages and emails.

6.    Business documentation for the Generations Project including but not limited to:

a.    Quotes and/or contract for services or materials to be provided;

     b.     Invoices, statements, and payment applications for services and/or materials provided;

     c.     Records of payments received for services and materials provided including but not limited to copies of checks (front and back), wire transfer records, etc.; and

     d.     Lien waivers.

7.     All written communications between the Craig Affiliates or anyone acting on their behalf and You or anyone acting on Your behalf from January 1, 2020 to present with respect to the Lofts Project, including but not limited to text messages and emails.

8.     Business documentation for the Lofts Project including but not limited to:

     a.     Quotes and/or contract for services or materials to be provided;

     b.     Invoices, statements, and payment applications for services and/or materials provided;

     c.     Records of payments received for services and materials provided including but not limited to copies of checks (front and back), wire transfer records, etc.; and

     d.     Lien waivers.

9.     All written communications between the Craig Affiliates or anyone acting on their behalf and You or anyone acting on Your behalf from January 1, 2020 to present with respect to the Craig Lake Home Project, including but not limited to text messages and emails.

10.     Business documentation for the Craig Lake Home Project including but not limited to:

     a.     Quotes and/or contract for services or materials to be provided;

     b.     Invoices, statements, and payment applications for services and/or materials provided;

     c.     Records of payments received for services and materials provided including but not limited to copies of checks (front and back), wire transfer records, etc.; and

     d.     Lien waivers.

**<u>EXHIBIT B – 2</u>**

**(Affiliate Discovery)**

## INSTRUCTIONS AND DEFINITIONS

1.    The Discovery is continuing in character, so as to require The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, The Lofts, LLC Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, CP Business Management, Inc., and Prevail, LLC (collectively, the "Respondents" and each a "Respondent") to file supplemental answers and responses if they obtain further contradictory, or different information or documents before trial.  Any such supplemental answer and response shall be filed from time to time promptly upon your discovery of such supplemental information and/or documents.  Each item of Discovery is to be addressed separately and as completely as possible.  The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for your failure to answer any such item of Discovery as fully as possible.  The omission of any document, name, fact, or other item of information from an answer or response shall be deemed a representation that such document, name, fact, or item is not known to the Respondent, its counsel, or other representatives or agents of the Respondent.

2.    Answers and responses shall be based upon information known to the Respondent, its agents, attorneys, partners, associates, employees, servants, partners, associates, representatives, investigators, or any other party or entity acting or who has acted by or on behalf of the Respondent.  To the extent that the answer or response to any item of Discovery is not based upon information known to the Respondent, the Respondent shall specify that fact and the person or entity possessing such information.

3.    If the answer or response to all or any part of an item of Discovery is not presently known or available, include a statement to that effect, specifying the portion of the

item of Discovery that cannot be completely answered. However, once information is available, the Respondent is required to furnish all information available in response to the entire item of Discovery by supplemental answer or response as required above.

4.      If a Respondent refuses to answer any item of Discovery or any part thereof on

5.      the grounds of privilege, the Respondent must identify the basis for the privilege claimed, the nature of any information that it refuses to disclose, referring specifically to the item of Discovery or any part thereof to which the item of Discovery applies and identifying the form in which said information exists, the date of the document or oral communication, and the general subject matter of the document or oral communication.

6.      If any requested document was, but is no longer in your possession or subject to your control, state what disposition was made of the document and, if the document is still in existence, identify the person who has possession or control of the documents.

7.      As used in the Requests, the phrase "a document or documents that evidence(s), refer(s) or relate(s) to any given subject matter" shall mean any document that constitutes, contains, embodies, identifies, states, refers to, deals with, pertains, or in any way directly or indirectly bears upon or deals with any Request, or any of the entities or agreements referred to therein, including without limitation, documents concerning the preparation of documents.

8.      If any part of a document is responsive to any Request, the whole document is to be produced.

9.      Each Request herein requests production of all responsive documents from the party to whom such Request is directed as well as from the party's agents, representatives, and unless privileged, the party's attorneys.

10.     If the production of any document(s) or any portion of a document responsive to a Request herein is refused under a claim of privilege or because such document(s) is part of an attorney's work product, the party should identify the document(s) with sufficient detail to permit Respondent to Request an *in camera* inspection or other similar review of same.

11.     Any electronically stored information which is being produced should, when possible, be produced in its native format.

12.     As used in the Discovery, the following terms shall have the following meanings:

a.     The terms "you" or "your" shall mean the answering/responding Respondent, and/or any of its agents, attorneys, partners, associates, employees, servants, representatives, investigators, experts, professionals, officers, directors, consultants, and any persons or entity acting or who has acted by or on behalf of the Respondent.

b.     "Affiliate(s)" means any and all of Jesse Craig, Mulinda Craig, Craig Development, LLC, Craig Holdings, LLC, or Craig Properties, LLC, including any of their agents, attorneys, partners, associates, employees, servants, representatives, investigators, experts, professionals, officers, directors, consultants, and any person or entity acting or who has acted by or on behalf of the Affiliate(s).

c.     "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any Documents, Correspondence, telephone conversations, discussions, meetings, facsimiles, e-mails,

pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

d.      "Correspondence" shall mean any spoken communication or contact, whether oral or written, formal or informal, at any time or place or under any circumstances whatsoever, whereby information of any nature was transmitted, recorded, or transferred (whether telephonic, written, in person, or otherwise).  Where you are requested to identify or list any communications, you shall, separately as to each communication, identify the mode of such communication, identify the person(s) who participated in such communication, identify the person(s) who overheard or had access to such communication, and state the date of such communication, the time and/or place of such communication, and the subject matter of such communication.

e.      The "Craig Lake Home Project" shall refer to the construction of the building located at 22587 Knollwood Lane, Pelican Rapids, Minnesota.

f.      "Debtors" means The Ruins, LLC, Generations on 1st LLC, and/or Parkside Place LLC, including their agents, attorneys, partners, associates, employees, servants, representatives, investigators, experts, professionals, officers, directors, consultants and any person or entity acting or who has acted by or on their behalf.

g.      "Document," "documents," "documentation," and "writing" are used interchangeably and shall mean any written or graphic matter of any kind whatsoever, however produced or reproduced, any electronically or magnetically recorded matter of any kind or character, however produced or reproduced, and any other matter constituting the recording of data or information upon any tangible thing by any means, including but not limited to, the original and any non-identical copy of any of the

following: books, records, contracts, agreements, promissory notes, invoices, purchase orders, statements of account, credit and debit memoranda, orders, loan agreements, bills, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, drafts, certificates, tabulations, questionnaires, tables, sketches, tax reports, working papers, computer data, resumes, address books, appointment books or telephone logs, notes, speeches, schedules, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, partnership agreements, articles of incorporation, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), board minutes, manuals, diaries, calendars, calendar or diary entries, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, reports, booklets, brochures, instructions, interoffice communications, deposition transcripts, pleadings, orders, releases, appraisals, estimates, valuations, opinions, studies, analyses, summaries, drawings, blueprints, photographs, negatives, graphs, charts, and other data, information or statistics contained within any data storage modules, tapes, discs or any other memory devices or any other information retrievable on storage systems (including computer generated reports and printouts).

       h.      "Each" shall be construed as "all" and "each."

i.    The "Generations Project" shall refer to the construction of the building located at 26 1st Ave. SW, Watertown, South Dakota.

j.    "Identify" or "State the Identity of" shall have the following meaning when used in the following contexts:

i.    When used in connection with a natural person, you are required to state his or her: (i) full name; (ii) present or last known home address (including street name and number, city and state); (iii) present or last known business address; (iv) present position, business affiliation and job description or, if unknown, so state and set forth the corresponding last known information; (v) position, business affiliation, and job description at the time in question, with respect to the item of Discovery involved.

ii.   When used in connection with a corporation, limited liability company, partnership, association, joint venture, firm, or other business enterprise or legal entity, you are required to state in the answer in each instance: (i) the full name and address; (ii) a brief description of the primary business in which such entity is engaged; and (iii) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

iii.  When used in connection with a document or writing, you are required to state in the answer in each instance: (i) whether or not such document is known to be in existence at the time of the answer; (ii) the date of the document; (iii) the type of document (e.g. letter, memorandum, computer printout, estimate, etc.); (iv) the identity of the author(s), addressee(s) and any other person to whom the document was shown or distributed; (v) any filing or identifying number; and (vi) the present or last known location and/or custodian thereof.  If any such document was, but is no longer in the possession of or subject to control of Respondent or any affiliated business entity, state what and when disposition was made of it.

iv.   When used in connection with an oral communication, you are required to state in the answer in each instance: (i) the identity of each person communicating; (ii) the identity of the recipient(s) and intended recipient(s) of the communication; (iii) the identity of each person present or otherwise aware of the substance of the communication; (iv) the date and the place where it was made;

(v) the identity of any document or writing that embodies, includes, reflects, concerns, relates, refers to or is based upon such oral communication; and (vi) a detailed description of the substance of the communication.

v.   When used in connection with a transaction, you are required to state in the answer in each instance: (i) a description of the property or thing that is the subject of the transaction; (ii) the identity of the parties to the transaction; (iii) the date of the transaction; (iv) the place or site where the transaction took place; (v) the location of the property or thing that was the subject of the transaction at the time the transaction took place; (vi) the identity of all persons who have knowledge of the transaction; and (vii) the identity of all documents that refer or relate to the transaction.

vi.   When used in connection with products or merchandise, you are required to state in the answer in each instance: (i) the full name of the product; (ii) the use or purpose of the product; (iii) the manufacturer of the product; (iv) all persons who have personal knowledge of the sale or use of the product; (v) the volume of the product sold; (vi) the gross receipts received from the sale of the product for each year that the product was sold; and (vii) the identity of any documents that relate to the ownership of the product or the right to proceeds from the sale or use of the product.

k.   "Insider" shall have the meaning ascribed to it under 11 U.S.C. §101(31), including, without limitation, the Affiliates.

l.   "Loan" or "Loan Document(s)" shall mean all documents evidencing or referring to the loan by and among RRSB or Watertown Development Company, on one hand, and Debtors and/or Affiliates, on the other hand, and any security interests provided in connection therewith, including, but not limited to, loan documents, promissory notes, credit agreements, security agreements, and/or guarantees.

m.   The "Lofts Project" shall refer to the construction of the building located at 10 N. Broadway, Watertown, South Dakota.

n.      The "Parkside Project" shall refer to the construction of the building located at 8 2nd St. NE, Watertown, South Dakota.

o.      "Person" is defined as any natural person or any business, legal, or governmental entity or association.

p.      "Petition Date" means January 6, 2025.

q.      "Principal" means any person or entity with a direct or indirect equity or ownership interest in Debtors or their Affiliates.

r.      The term "Relating To" shall mean describing, discussing, evidencing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

s.      The "Ruins Project" shall mean the construction of the building located at 315 East Kemp Ave., Watertown, South Dakota.

t.      All other terms used in these items of Discovery have the meaning given by the Bankruptcy Code or by common usage unless otherwise required by the context.

13.    The answers and responses to these items of Discovery shall be signed by the person making them, and the objections signed by the attorney making them.

### REQUESTS FOR AREAS OF INQUIRY

At a time and place to be designated later, Respondents shall be prepared to provide information with respect to the following matters for examination:

1.      All work performed on the Craig Lake Home Project.

2.      All payments made related to the Criag Lake Home Project.

34

3.      All work performed on the Generations Project.

4.      All payments made related to the Generations Project.

5.      All work performed on the Lofts Project.

6.      All payments made related to the Lofts Project.

7.      All work performed on the Parkside Project.

8.      All payments made related to the Parkside Project.

9.      All work performed on the Ruins Project.

10.      All payments made related to the Parkside Project.

**REQUESTS FOR PRODUCTION**

1.      Copies of any Documents, Correspondence, or Communications regarding the Craig Lake Home Project.

2.      Copies of any Documents, Correspondence, or Communications regarding the Generations Project.

3.      Copies of any Documents, Correspondence, or Communications regarding the Lofts Project.

4.      Copies of any Documents, Correspondence, or Communications regarding the Parkside Project.

5.      Copies of any Documents, Correspondence, or Communications regarding the Ruins Project.

6.      Copies of all Loan Documents, to the extent not previously provided to RRSB.

7.      Copies of any Documents, Correspondence, or Communications regarding guarantees associated with Debtors' executory contracts, unexpired leases, secured financings,

debt instruments, and any other such agreements and not identified in Debtors' Schedules of Assets and Liabilities.

8.      Copies of any Documents, Correspondence, or Communications by, to, between, or among Debtors and any of their Affiliates regarding advances made to Debtors to fund their cash needs, and any reimbursement of such advances, to the extent not provided in response to the questions above.

9.      Copies of any Documents, Correspondence, or Communications by, to, between, or among Debtors and any of their Affiliates regarding payments made by Debtors to third parties on behalf of their Affiliates.

10.     Copies of any documents evidencing ownership structure for each Insider.  If an ownership structure has changed in the two years prior to the Petition Date, copies of any documents reflecting such changes and how the changes were effectuated.

11.     Copies of any Documents, Correspondence, or Communications regarding payments or transfers made by Debtors to their Insiders within two years prior to the Petition Date.

12.     Monthly income statements and balance sheet detail for the current fiscal year and fiscal years 2021, 2022, 2023, and 2024 for The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, Craig Development, LLC, Craig Holdings, LLC, and Craig Properties, LLC.

13.     Copies of all financial statements identified in Question #26(D) of Debtors' Statement of Financial Affairs.

14.     A detail of Debtors inter-company payments/transfers made between Debtors and their Affiliates during the two years preceding the Petition Date.

15.     Any payments made by Debtors or their Affiliates to or on behalf of Affiliates or Insiders and their direct relatives during the four years prior to the Petition Date, including, but not limited to, salary, dividends, and contributions, credit cards in the control of persons named below, car lease payments, expense reimbursement including travel & entertainment, transfer of goods, etc.

16.     Copies of all tax returns filed by The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, Jesse Craig, and Mulinda Craig for the fiscal years 2020-2024.

17.     Copies of audits prepared for The Ruins, LLC, Generations on 1st LLC, Parkside Place LLC, Craig Development, LLC, Craig Holdings, LLC, and Craig Properties, LLC for the fiscal years 2020-2024.

18.     Copies of all Documents, Correspondence, or Communications regarding refunds or credits received by Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, Jesse Craig, and Mulinda Craig, and any distributions made by Debtors to Craig Development, LLC, Craig Holdings, LLC, Craig Properties, LLC, Jesse Craig, and Mulinda Craig for tax purses as a pass through entity for the fiscal years 2020-2024.

19.     All Documents sent to or received relating to or evidencing matters set forth in Questions #1-18, above, to the extent not produced in furtherance of any of the above document requests.

20.     Copies of any insurance policies providing coverage with respect to actions or inactions of the directors and officers of Debtors and/or their Affiliates.