IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | Jointly Administered |

## **SECOND MOTION FOR LEAVE TO USE CASH COLLATERAL**

Come now Generations on 1st, LLC ("Generations") and Parkside Place, LLC ("Parkside") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, pursuant to Section 363 of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 6004, and move this Honorable Court for leave to use cash collateral after March 15, 2025, and in support thereof state as follows:

The Debtors previously sought leave of this Honorable Court to use cash collateral, DE #12, with the motion being granted on an interim basis, DE #42, and then, subsequently, on a final basis, DE #50. The latter order, per the request of the Debtors and Red River State Bank ("RRSB"), is conditioned upon a stipulation entered into between the parties (the "Stipulation," as found at DE #44 and as subsequently amended at DE #54).

The Stipulation only provides for the use of cash collateral through March 15, 2025. *See* Stipulation, DE #54, at ¶¶ 2, 13.

Counsel for RRSB and counsel for the Debtors do continue to engage in substantive, good faith discussions concerning myriad elements of these cases, and there does accordingly exist some

1

degree of hope that a new stipulation may be entered into between and amongst the parties. However, a contextual review of the docket in these jointly administered cases also furnishes cause to appreciate that the Debtors and RRSB do not presently exemplify the most amicable incarnation of a debtor/creditor relationship. And there is, accordingly, some concern that a new stipulation may not be forthcoming.

The Debtors accordingly now respectfully move this Honorable Court for leave to use cash collateral, in accordance with the budgets previously docketed herein, DE #44-2; DE #44-3, for the duration of these jointly administered cases. In so doing, they rely on the arguments made in their original cash collateral motion and propose that, as adequate protection, RRSB (i) be given automatically-perfected replacement liens to the extent of any diminution; (ii) be paid $14,500.00 per month by Parkside, on or before the 15th calendar day of each month; and (iii) be paid $25,000.00 per month by Generations, on or before the 15th calendar day of each month. The Debtors each seek to use cash collateral for each calendar month in an aggregate sum equal to 110% of that projected on the aforementioned budgets.

                        Respectfully Submitted,

Dated: March 3, 2025         By:    /s/ Maurice B. VerStandig
                                                  Maurice B. VerStandig, Esq.
                                                  The Dakota Bankruptcy Firm
                                                  1630 1st Avenue N
                                                  Suite B PMB 24
                                                  Fargo, North Dakota 58102-4246
                                                  Phone: (701) 394-3215
                                                  mac@dakotabankruptcy.com
                                                  *Counsel for the Debtor*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 3rd day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system. A copy of any notice of an ensuing hearing that may be issued (with such likely taking the form of an order expediting consideration of this motion) will, in turn, be mailed to the twenty largest unsecured creditors (excluding insiders) in each case, with a certificate of service to follow thereafter.

                                                     /s/ Maurice B. VerStandig
                                                     Maurice B. VerStandig