IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | Jointly Administered |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**OBJECTION TO CLAIMS OF RED RIVER STATE BANK**

Come now Generations on 1st, LLC ("Generations") and Parkside Place, LLC ("Parkside") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3007, and object to allowance of the claims of Red River State Bank ("RRSB" or the "Claimant," with the underlying claims being found at entry #1 in both Debtors' claims registers and being known as the "Claims," with each being a "Claim") and in support thereof state as follows:

The issues raised in this objection are nearly identical to those raised in the matter of *Generations on 1st, et al. v. Red River State Bank*, Case No. 25-07009 (Bankr. D.N.D. 2025) (the "Adversary Proceeding"). The Debtors contend that the Claims ought not be allowed in their current form because (i) RRSB has failed to account for historic payments made—by the Debtors and others (including tenants, through an assignment of rents and an ensuing receivership)—against the subject debts; (ii) portions of the Claims are premised upon a document procured through fraud; (iii) the Claims appear to be premised upon an interest rate procured either through fraud or through a transaction otherwise avoidable under governing law; and (iv) the total debt to

1

RRSB, after accounting for historic payments, should be setoff in a sum equal to the damages sustained by each Debtor on account of the tortious conduct of RRSB.

The Federal Rules of Bankruptcy Procedure allow a claim objection to be consolidated with an adversary proceeding. *See* Fed. R. Bankr. P. 3007 (Notes of Advisory Committee on 2007 amendments) ("The rule as amended does not require that a party include an objection to the allowance of a claim in an adversary proceeding. If a claim objection is filed separately from a related adversary proceeding, the court may consolidate the objection with the adversary proceeding under Rule 7042."). *See also Stuart Mills Davenport v. Djourabchi*, 316 F. Supp. 3d 58, 66 (D.D.C. 2018) (noting similarly). The Debtors are amenable to having this objection consolidated with the Adversary Proceeding and do not seek any procedural advantage—or proverbial second bite at an apple—by filing this objection separately.

With plans of reorganization now on file, however, and with RRSB's ongoing refusal to provide payment histories becoming a more pronounced problem with each passing day, it does seem appropriate to formally lodge objections to the Claims. As such, the Debtors incorporate herein, by reference, their complaint in the Adversary Proceeding, and object to the Claims for the reasons stated therein.

WHEREFORE, Generations and Parkside respectfully pray this Honorable Court (i) disallow the Claims of RRSB on the grounds that such Claims do not include credits for historic payments and, as such, are facially errant; (ii) disallow the Claims of RRSB to the extent they are premised upon interest rates procured through fraud; (iii) disallow the Claims of RRSB to the extent they are premised upon interest rates procured through execution of an agreement avoidable under governing law; (iv) disallow the Claims of RRSB to the extent of any damages each Debtor may recover in the Adversary Proceeding, setting off the Claims by the correlative litigation

recoveries; (iii) consolidate adjudication of this objection with the Adversary Proceeding; and (v) afford such other and further relief as may be just and proper.

                                      Respectfully Submitted,

Dated: May 6, 2025         By:    /s/ Maurice B. VerStandig
                                                 Maurice B. VerStandig, Esq.
                                                 The Dakota Bankruptcy Firm
                                                 1630 1st Avenue N
                                                 Suite B PMB 24
                                                 Fargo, North Dakota 58102-4246
                                                 Phone: (701) 394-3215
                                                 mac@dakotabankruptcy.com
                                                 *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system. Upon issuance of a notice of this objection, by this Honorable Court, said notice will be served, alongside a copy of this objection, upon RRSB and its counsel, via First Class Mail, postage prepaid, with a separate certificate of service to follow.

                                                          /s/ Maurice B. VerStandig
                                                          Maurice B. VerStandig