# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: <br><br> Generations on 1st LLC, <br><br> Debtor. | Case No.: 25-30002 <br><br> Chapter 11 |
| In Re: <br><br> Parkside Place LLC, <br><br> Debtor. | Case No. 25-30003 <br><br> Chapter 11 <br><br> (Jointly Administered) |

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF
## RED RIVER STATE BANK
## (GENERATIONS PROOF OF CLAIM)

Red River State Bank ("RRSB"), as and for its response to the Objection to the Claim of RRSB (the "Claim Objection") [ECF 96], respectfully states as follows:

1. On January 10, 2025, RRSB timely filed Proof of Claim No. 1 against Debtor Generations on 1st, LLC., asserting a claim for $13,878457.38 on account of money loaned (the "Generations POC").

2. Pursuant to Fed. R. Bankr. P. 3001(c)(1), RRSB attached the following supporting documentation to the Generations POC:

   a. Promissory Note dated March 15, 2021 in the original principal sum of $1,565,200.00 ("First Generations Note"). A true and correct copy of the First Generations Note is attached to Generations POC as **Exhibit A**.

   b. Promissory Note dated September 14, 2021 in the original principal sum of $2,976,430.98 ("Second Generations Note"). A true and correct copy of the Second Generations Note is attached to the Generations POC as **Exhibit B**.

c.  Promissory Note dated October 14, 2021 in the original principal sum of $1,094,025.15 ("Third Generations Note"). A true and correct copy of the Third Generations Note is attached to the Generations POC as **Exhibit C**.

d.  Promissory Note dated November 9, 2021 in the original principal sum of $424,259.84 ("Fourth Generations Note"). A true and correct copy of the Fourth Generations Note is attached to the Generations POC as **Exhibit D**.

e.  Promissory Note dated December 8, 2021 in the original principal sum of $843,168.59 ("Fifth Generations Note"). A true and correct copy of the Fifth Generations Note is attached to the Generations POC as **Exhibit E**.

f.  Promissory Note dated January 5, 2022 in the original principal sum of $653,729.65 ("Sixth Generations Note"). A true and correct copy of the Sixth Generations Note is attached to the Generations POC as **Exhibit F**.

g.  Promissory Note dated February 3, 2022 in the original principal sum of $274,043.60 ("Seventh Generations Note"). A true and correct copy of the Seventh Generations Note is to the Generations POC as **Exhibit G**.

h.  Promissory Note dated April 17, 2023 in the original principal sum of $8,100,000.00 ("Eighth Generations Note"). A true and correct copy of the Eighth Generations Note is attached to the Generations POC as **Exhibit H**.

i.  Promissory Note dated April 17, 2023 in the original principal sum of $561,365.10 ("Ninth Generations Note"). A true and correct copy of the Ninth Generations Note is attached to the Generations POC as **Exhibit I**.[1]

j.  Promissory Note dated April 26, 2021 in the original principal sum of $1,477,500.00 ("First Mulinda Note"). A true and correct copy of the First Mulinda Note is attached to the Generations POC as **Exhibit J.**

---

[1] (The First Generations Note, the Second Generations Note, the Third Generations Note, the Fourth Generations Note, the Fifth Generations Note, the Sixth Generations Note, the Seventh Generations Note, the Eighth Generations Note, and the Ninth Generations Note are hereinafter referred to collectively as the "Generations Notes".)

      **k.**      Promissory Note dated May 27, 2021 in the principal sum of $1,321,100.00 ("Second Mulinda Note"). A true and correct copy of the Second Mulinda Note is attached to the Generations POC as **Exhibit K.**

      **l.**      Promissory Note dated June 22, 2021 in the principal sum of $1,652,500.00 ("Third Mulinda Note"). A true and correct copy of the Third Mulinda Note is attached to the Generations POC as **Exhibit L.**[2]

3.    As explained in the Generations POC, the Mulinda Notes were modified pursuant to three Modification Agreements dated December 15, 2021 (collectively, the "Mulinda Modification Agreements.") [Generations POC, Exhibit M]. The maturity dates of the Mulinda Notes were further extended to May 31, 2023 pursuant to a Forbearance Agreement dated February 17, 2023 (the "Forbearance Agreement"). [Generations POC, **Exhibit N**]

4.    Pursuant to Fed. R. Bankr. P. 3001(e), RRSB provided the following evidence related to its security interests:

      **a.**      True and correct copies of several Security Agreements [Generations POC, **Exhibit O**];

      **b.**      True and correct copies of UCC financing statements filed with the South Dakota Secretary of State and the North Dakota Secretary of State [Generations POC, **Exhibit P**];

      **c.**      True and correct copies of a mortgage against real property located at 26 First Ave. SW, Watertown, SD (the "Generations Mortgage") [Generations POC, **Exhibit Q**];

      **d.**      A Mortgage - 180 Day Redemption dated July 6, 2020 and recorded in Book 990 on page 4387 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on July 8, 2020 (the "First Craig Holdings/RRSB Mortgage"). Said mortgage references

---

[2] The First Mulinda Note, the Second Mulinda Note, and the Third Mulinda Note are hereinafter referred to collectively as the "Mulinda Notes".

3

    only Parcel II of the prior legal description for the Generations Real Property.

| | |
|---|---|
| e. | A Mortgage - 180 Day Redemption dated July 30, 2020 and recorded in Book 990 on page 4571 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on July 31, 2020 (the "Second Craig Holdings/RRSB Mortgage"). Said mortgage references only Parcel I of the prior legal description for the Generations Real Property. |
| f. | A Mortgage - 180 Day Redemption dated September 30, 2020 and recorded in Book 990 on page 5036 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on October 1, 2020 (the "Third Craig Holdings/RRSB Mortgage"). Said mortgage references only Parcel V of the prior legal description for the Generations Real Property. |
| g. | A Construction Mortgage - 180 Day Redemption dated October 14, 2021 and recorded in Book 990 on page 7791 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on October 25, 2021 (the "Second RRSB Mortgage"). |
| h. | A Construction Mortgage - 180 Day Redemption dated April 17, 2023 and recorded in Book 992 on page 142 in the office of the Register of Deeds of Codington County, South Dakota, having been recorded on May 5, 2023 (the "Third RRSB Mortgage"). |
| i. | A true and correct copy of an Assignment of Rents dated December 13, 2021 (the "AOR") [Generations POC, **Exhibit S**] |

4

5. Although Rule 3001(C)(2)(A) does not apply in this business bankruptcy case, RRSB also provided the following table which breaks down the indebtedness per promissory note as of January 6, 2025:

| NOTE | BALANCE | PER DIEM INTEREST ACCRUAL |
|---|---|---|
| First Generations Note | $165,278.39 | $0.00 |
| Second Generations Note | $221,351.04 | $0.00 |
| Third Generations Note | $83,773.25 | $0.00 |
| Fourth Generations Note | $37,294.43 | $0.00 |
| Fifth Generations Note | $61,229.98 | $0.00 |
| Sixth Generations Note | $47,616.29 | $0.00 |
| Seventh Generations Note | $24,821.62 | $0.00 |
| Eighth Generations Note | $8,485,609.34 | $1,482.16 |
| Ninth Generations Note | $19,501.66 | $30.76 |
| **GENERATIONS NOTES TOTAL**: | 0 | |
| | 0 | |
| First Mulinda Note | $1,119,755.71 | $159.14 |
| Second Mulinda Note | $1,610,444.59 | $235.26 |
| Third Mulinda Note | $2,001,781.08 | $294.28 |
| **MULINDA NOTES TOTAL:** | 0 | |
| | 0 | |
| | **$13,878,457.38** | |

6. The Generations POC complies with all applicable requirements for filing a proof of claim under the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 3001(f), the Generations POC constitutes prima facie evidence of the validity and amount of its claim against the Debtor.

7. The mere fact that a debtor has filed an objection to a creditor's proof of claim "does not deprive the proof of claim of presumptive validity." Brown v. IRS (In re Brown), 82

F.3d 801, 805 (8th Cir.1996) (citations omitted); see also Gran v. IRS (In re Gran), 964 F.2d 822, 827 (8th Cir.1992).

8. As the objecting party, Debtor "bears the burden of producing sufficient evidence to rebut the presumptive validity of a proof of claim." Brown, 82 F.3d at 805. Once the objecting party produces rebuttal evidence, then the burden shifts back to the claimant to produce additional evidence to prove the validity of the claim. VFB, LLC v. Campbell Soup Co. 482 F.3d 624 (3rd Cir. 2007). Adequate rebuttal evidence must be of a probative force equal to that of the creditor's proof of claim. Id.

9. Here, Debtor has produced no evidence at all, let alone evidence of equal probative value to the evidence set forth in the Generations POC, and yet it asks the Bankruptcy Court to shift the evidentiary burden back onto RRSB to provide yet more proof of its claim. Where, as here, there is no evidence in the record to support Debtor's claim that RRSB has overstated its claim, it is appropriate for the Bankruptcy Court to overrule the claim objection. In re McDaniel, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001).

10. Debtor also argues that the allowed amount of the Generations POC should be reduced or disallowed due to the damages it seeks, but has not yet proven, in the Adversary Proceeding (as defined in the Claim Objection). The Claim Objection does not specify the amount by which the Generations POC should be reduced.

11. Section 502(d) does permit the Bankruptcy Court to disallow the claim of a creditor from which property is recoverable under Chapter 5 of the Bankruptcy Code. However, the mere assertion that such a right may exist, if the Debtor prevails in the Adversary Proceeding, is not sufficient to sustain the Claim Objection at this time.

12.    At a minimum, the Debtors' objection to the Generations POC is wholly premature and it should be denied without prejudice. If and when Debtor actually prevails in the Adversary Proceeding, then Debtor can properly object, pursuant to Section 502(d), to allowance of the Generations POC.

13.    Moreover, RRSB has already litigated, and defeated several of the Debtor's non-bankruptcy claims alleged in the Adversary Proceeding. A Minnesota state court judge considered and rejected claims that RRSB's prepetition conduct invalidated the loans and security interests described in the Generations POC. See *Craig Holdings v. Charles Aarstad, Randall Aarestad, Red River State Bank*, Case No. 56-CV-2532, District Court, Otter Tail County. The prior litigation further highlights the danger of disallowing the RRSB at this early juncture, on the basis of Debtor's unproven allegations only.

*[The remainder of this page is intentionally blank.]*

For all the foregoing reasons, RRSB respectfully requests that the Court enter an Order overruling the Debtor's objection to the Generations POC.

Dated this 8th day of May, 2025.

**VOGEL LAW FIRM**

BY:/s/ *Kesha L. Tanabe*
Kesha L. Tanabe (#0387250)
ktanabe@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

**Re:** Generations On 1st LLC
      Case No. 25-30002

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

Sonie Thompson, being first duly sworn, does depose and say: she is a resident of Cass County, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

On May 8, 2025, affiant caused the following document(s):

**NOTICE OF APPEARANCE
AND REQUEST FOR SERVICE OF PAPERS**

to be served electronically to the following:

*ALL ECF Participants.*

*/s/ Sonie Thompson*
Sonie Thompson

Subscribed and sworn to before me this 8th day of May, 2025.

(SEAL)

*Jill Nona*
Notary Public, Cass County, North Dakota