## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Generations on 1ˢᵗ LLC,<br><br>Debtor. | Case No.:  25-30002<br><br>Chapter 11 |
| In Re:<br><br>Parkside Place LLC,<br><br>Debtor. | Case No. 25-30003<br><br>Chapter 11<br><br>(Jointly Administered) |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF

### RED RIVER STATE BANK

### (PARKSIDE PROOF OF CLAIM ONLY)

Red River State Bank ("RRSB"), as and for its response to the Objection to the Claim of RRSB (the "Claim Objection") [ECF 96], respectfully states as follows:

1.      On January 9, 2025, RRSB timely filed Proof of Claim No. 1 against Debtor Parkside Place, LLC., asserting a claim for $8,794,170.09 on account of money loaned (the "Parkside POC").

2.      Pursuant to Fed. R. Bankr. P. 3001(c)(1), RRSB attached the following supporting documentation to the Parkside POC:

      a.      a true and correct copy of a promissory note dated as of December 13, 2021 in the original principal amount of $4,200,000 (the "Parkside Note") [Parkside POC, Exhibit A];

b.    a true and correct copy of a promissory note dated April 26, 2021 in the original principal amount of $1,477,500 (the "First Mulinda Note") [Parkside POC, Exhibit B];

c.    a true and correct copy of a promissory note dated May 27, 2021 in the original principal amount of $1,321,100 (the "Second Mulinda Note") [Parkside POC, Exhibit C]; and

d.    a true and correct copy of a promissory note dated June 22, 2021 in the original principal amount of $1,652,500 (the "Third Mulinda Note") [Parkside POC, Exhibit D]. (Collectively, the First Mulinda Note, Second Mulinda Note and Third Mulinda Note are referred to collectively as the "Mulinda Notes.")

3.    As explained in the Parkside POC, the Mulinda Notes were modified pursuant to three Modficiation Agreements dated December 15, 2021 (collectively, the "Mulinda Modification Agreements.") [Parkside POC, Exhibit E]. The maturity dates of the Mulinda Notes were further extended to May 31, 2023 pursuant to a Forebearance Agreement dated February 17, 2023 (the "Forebearance Agreement"). [Parkside POC, Exhibit F]

4.    Pursuant to Fed. R. Bankr. P. 3001(e), RRSB attached the following evidence related to its security interests:

a.    True and correct copies of Security Agreements dated March 15, 2021, April 26, 2021, May 27, 2021, and June 22, 2021 [Parkside POC, Exhibit G];

2

b.      True and correct copies of UCC financing statements filed with the South Dakota Secretary of State and the North Dakota Secretary of State [Parkside POC, Exhibit H];

c.      True and correct copies of a mortgage against real property located at 8 Second St. NE, Watertown, SD (the "Parkside Mortgage") [Parkside POC, Exhibit I];

d.      A true and correct copy of an Assignment of Rents dated December 13, 2021 (the "AOR") [Parkside POC, Exhibit J]

5.      Although Rule 3001(C)(2)(A) does not apply in this business bankruptcy case, RRSB also provided the following table which breaks down the indebtedness per promissory note as of January 6, 2025:

6.

| NOTE | BALANCE | PER DIEM INTEREST ACCRUAL |
|---|---|---|
| Parkside Note | $4,062,188.71 | $459.12 |
| First Mulinda Note | $1,119,755.71 | $159.14 |
| Second Mulinda Note | $1,610,444.59 | $235.26 |
| Third Mulinda Note | $2,001,781.08 | $294.28 |
| | **$8,794,170.09** | |

7.      The Parkside POC complies with all applicable requirements for filing a proof of claim under the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 3001(f), the Parkside POC constitutes prima facie evidence of the validity and amount of its claim against the Debtor.

8.      The mere fact that a debtor has filed an objection to a creditor's proof of claim "does not deprive the proof of claim of presumptive validity." Brown v. IRS (In re Brown), 82 F.3d 801, 805 (8th Cir.1996) (citations omitted); see also Gran v. IRS (In re Gran), 964 F.2d 822, 827 (8th Cir.1992).

9.      As the objecting party, Debtor "bears the burden of producing sufficient evidence to rebut the presumptive validity of a proof of claim." Brown, 82 F.3d at 805. Once the objecting party produces rebuttal evidence, then the burden shifts back to the claimant to produce additional evidence to prove the validity of the claim. VFB, LLC v. Campbell Soup Co. 482 F.3d 624 (3rd Cir. 2007). Adequate rebuttal evidence must be of a probative force equal to that of the creditor's proof of claim. Id.

10.     Here, Debtor has produced no evidence at all, let alone evidence of equal probative value to the evidence set forth in the Parkside POC, and yet it asks the Bankruptcy Court to shift the evidentiary burden back onto RRSB. Where, as here, there is no evidence in the record to support Debtor's claim that RRSB has overstated its claim, it is appropriate for the Bankruptcy Court to overrule the claim objection. In re McDaniel, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001).

11.     Debtor also argues that the allowed amount of the RRSB Claim should be reduced or disallowed due to the damages it seeks, but has not yet proven, in the Adversary Proceeding (as defined in the Claim Objection). The Claim Objection does not specify the amount by which the RRSB Claim should be reduced.

12.     Section 502(d) does permit the Bankruptcy Court to disallow the claim of a creditor from which property is recoverable under Chapter 5 of the Bankruptcy Code.

However, the mere assertion that a "set off" right may exist, if the Debtor prevails in the Adversary Proceeding, is not sufficient to sustain the Claim Objection at this time.

13.     RRSB has already litigated, and defeated several of the non-bankruptcy claims alleged in the Adversary Proceeding. A Minnesota state court judge considered and rejected claims that RRSB's prepetition conduct invalidated the loans and security interests described in the Parkside POC. See *Craig Holdings v. Charles Aarstad, Randall Aarestad, Red River State Bank*, Case No. 56-CV-2532, District Court, Otter Tail County.

14.     At a minimum, the Debtors' objection to the Parkside POC is wholly premature and it should be denied without prejudice. If and when Debtor actually prevails in the Adversary Proceeding, then Debtor can properly object, pursuant to Section 502(d), to allowance of the Parkside POC.

*[The remainder of this page is intentionally blank.]*

For all the foregoing reasons, RRSB respectfully requests that the Court enter an Order

overruling the Debtor's objection to the Parkside POC.

Dated this 8th day of May, 2025.

**VOGEL LAW FIRM**

BY:*/s/ Kesha L. Tanabe*
Kesha L. Tanabe
ktanabe@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE
BANK

Re:    **Parkside Place LLC**
       **Case No. 25-30003**

| STATE OF NORTH DAKOTA | ) | | |
|---|---|---|---|
| | ) | SS | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | | |

    Sonie Thompson, being first duly sworn, does depose and say:  she is a resident of Cass County, North Dakota, of legal age and not a party to or interested in the above-entitled matter.

    On May 8, 2025, affiant caused the following document(s):

**NOTICE OF APPEARANCE
AND REQUEST FOR SERVICE OF PAPERS**

to be served electronically to the following:

  *ALL ECF Participants.*

 

      */s/ Sonie Thompson*
      Sonie Thompson

Subscribed and sworn to before me this 8th day of May, 2025.

      *Jill Nona*

(SEAL)          Notary Public, Cass County, North Dakota