B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of North Dakota

**EXHIBIT B-2**

In re Generations on 1st, LLC, Parkside Place, LLC; and The Ruins, LLC
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-30002
25-30003
25-30004

Chapter 11

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Craig Properties, LLC

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE EXHIBIT A**

| PLACE | Vogel Law Firm<br>218 NP Ave<br>Fargo, ND 58107-1389 | DATE AND TIME | April 21, 2025 at 3:00 p.m. CST |
|---|---|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/3/2025

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Red River State Bank, who issues or requests this subpoena, are:
Caren W. Stanley, 218 NP Ave, Fargo, ND 58107-1389; cstanley@vogellaw.com; 701.356.6307

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): CRAIG PROPERTIES LLC
on (date) 4-4-25.

☒ I served the subpoena by delivering a copy to the named person as follows: personally handed to Registered Agent Jesse Craig at 9:15AM
_____ on (date) 4-7-25 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ 85 for services, for a total of $ 85 —.

I declare under penalty of perjury that this information is true and correct.

Date: 4-8-25

_____
Server's signature

MARK A. MAZAHERI, process server
Printed name and title

1100 19th Ave N. Fargo, ND
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Definitions

Certain words used in this Subpoena have the meanings ascribed to them below, namely:

1. The term "document" is used in the broadest sense and shall include all originals (and every copy of any original or copy that differs in any way from any original) and all drafts of any tangible items, writings, or recordings of any kind of description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means whatsoever, including, without limitation, memoranda, letter or other correspondence, travel logs, service logs, records, papers, notes, reports, appointment books, diaries, telephone bills and toll call records, contracts, agreements, written memorials of oral communications, advertisements, specifications, blue prints, drawings, sketches, models, molds, graphics, plans, laboratory or engineering summaries, audits, inventories, work papers, profit and loss statements, cash flow statements, financial statements, registrations, licenses, permits, applications, purchase orders, invoices, receipts, photographs, photographic slides or negatives, and all retrievable information in computer or other electronic storage.

2. The terms "You," "you," "Yours," and "yours shall all refer to the individual or entity and its representatives to whom this Subpoena is directed.

3. The term "Affiliate" shall refer to The Ruins, LLC, Parkside Place, LLC, Generations on 1st, LLC, Craig Development, LLC, Craig Holdings, LLC, the Lofts, LLC, Jesse Craig, Mulinda Craig, and/or Prevail, LLC and representatives of said entities.

4. The term "Ruins Project" shall mean the construction of the building located at 315 East Kemp Ave., Watertown, South Dakota.

5. The term "Parkside Project" shall mean the construction of the building located at 8 2nd St. NE, Watertown, South Dakota.

6. The term "Generations Project" shall mean the construction of the building located at 26 1st Ave SW, Watertown, South Dakota.

7. The term "Lofts Project" shall mean the construction of the building located at 10 N. Broadway, Watertown, South Dakota.

8. The term "Craig Lake Home Project" shall mean the construction of the building located at 22587 Knollwood Lane, Pelican Rapids, Minnesota.

## Documents Requested

All documents, correspondence, memoranda, records, reports, and data compilations maintained in any form or format with respect to:

1. All written communications between You or anyone acting on Your behalf and any Affiliate from January 1, 2020 to present with respect to the Ruins Project, including but not limited to text messages and emails.

2. All written communications between You or anyone acting on Your behalf and Red River State Bank and its representatives with respect to draw requests for the Ruins Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

3. All written communications between You or anyone acting on Your behalf and Watertown Development Corporation or its authorized representatives, including but not limited to First Dakota Title, with respect to funds provided for the Ruins Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

4. All written communications between You or anyone acting on Your behalf and any subcontractors and/or material suppliers that provided services, labor, and/or materials with respect to the Ruins Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

5. Documentation for the Ruins Project including but not limited to:

    a. Quotes and/or contract(s) for services, labor, and/or materials to be provided;

    b. Invoices, statements, and payment applications for services, labor, and/or materials provided;

    c. Draw requests and records of payments received for services, labor, and/or materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.;

    d. Records of payments made for services and materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.; and

    e. Lien waivers.

6. All written communications between You or anyone acting on Your behalf and any Affiliate from January 1, 2020 to present with respect to the Generations Project, including but not limited to text messages and emails.

2

7. All written communications between You or anyone acting on Your behalf and Red River State Bank and its representatives with respect to draw requests for the Generations Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

8. All written communications between You or anyone acting on Your behalf and Watertown Development Corporation or its authorized representatives, including but not limited to First Dakota Title, with respect to funds provided for the Generations Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

9. All written communications between You or anyone acting on Your behalf and any subcontractors and/or material suppliers that provided services, labor, and/or materials with respect to the Generations Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

10. Documentation for the Generations Project including but not limited to:

    a. Quotes and/or contract(s) for services, labor, and/or materials to be provided;

    b. Invoices, statements, and payment applications for services, labor, and/or materials provided;

    c. Draw requests and records of payments received for services, labor, and/or materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.;

    d. Records of payments made for services and materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.; and

    e. Lien waivers.

11. All written communications between You or anyone acting on Your behalf and any Affiliate from January 1, 2020 to present with respect to the Parkside Project, including but not limited to text messages and emails.

12. All written communications between You or anyone acting on Your behalf and Red River State Bank and its representatives with respect to draw requests for the Parkside Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

13. All written communications between You or anyone acting on Your behalf and Watertown Development Corporation or its authorized representatives, including but not limited to First Dakota Title, with respect to funds provided for the Parkside Project from January 1,

3

2020 to the present, including but not limited to text messages and emails including all attachments to emails.

14. All written communications between You or anyone acting on Your behalf and any subcontractors and/or material suppliers that provided services, labor, and/or materials with respect to the Parkside Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

15. Documentation for the Parkside Project including but not limited to:

   a. Quotes and/or contract(s) for services, labor, and/or materials to be provided;

   b. Invoices, statements, and payment applications for services, labor, and/or materials provided;

   c. Draw requests and records of payments received for services, labor, and/or materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.;

   d. Records of payments made for services and materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.; and

   e. Lien waivers.

16. All written communications between You or anyone acting on Your behalf and any Affiliate from January 1, 2020 to present with respect to the Lofts Project, including but not limited to text messages and emails.

17. All written communications between You or anyone acting on Your behalf and Watertown Development Corporation or its authorized representatives, including but not limited to First Dakota Title, with respect to funds provided for the Lofts Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

18. All written communications between You or anyone acting on Your behalf and any subcontractors and/or material suppliers that provided services, labor, and/or materials with respect to the Lofts Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

19. Documentation for the Lofts Project including but not limited to:

   a. Quotes and/or contract(s) for services, labor, and/or materials to be provided;

4

  b. Invoices, statements, and payment applications for services, labor, and/or materials provided;

  c. Draw requests and records of payments received for services, labor, and/or materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.;

  d. Records of payments made for services and materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.; and

  e. Lien waivers.

20. All written communications between You or anyone acting on Your behalf and any Affiliate from January 1, 2020 to present with respect to the Craig Lake Home Project, including but not limited to text messages and emails.

21. All written communications between You or anyone acting on Your behalf and any subcontractors and/or material suppliers that provided services, labor, and/or materials with respect to the Craig Lake Home Project from January 1, 2020 to the present, including but not limited to text messages and emails including all attachments to emails.

22. Documentation for the Craig Lake Home Project including but not limited to:

  a. Quotes and/or contract(s) for services, labor, and/or materials to be provided;

  b. Invoices, statements, and payment applications for services, labor, and/or materials provided;

  c. Draw requests and records of payments received for services, labor, and/or materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.;

  d. Records of payments made for services and materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.; and

  e. Lien waivers.

23. Records of payments received from Parkside Place, LLC, Generations on 1st, LLC, and/or the Ruins, LLC including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc for the period of January 1, 2020 to present.