UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Generations on 1st, LLC,<br><br>       Debtor. | Lead Case No.: 25-30002<br><br>Chapter 11 |
| In re:<br><br>Parkside Place, LLC, | Case No. 25-30003 |

**PLAN OBJECTION**

**(PARKSIDE ONLY)**

Red River State Bank (the "Bank") hereby objects to confirmation of the Chapter 11 Plan of Reorganization (the "Plan") [ECF 94] filed by Parkside Place, LLC (the "Debtor"). The Bank respectfully submits that the Plan is presently unconfirmable and invites Debtor to amend the Plan to resolve the following issues.

1. First, the Bank has not consented to the proposed treatment of its claim in Section 3.2.1 of the Plan. The proposed treatment also fails to satisfy the "fair and equitable" requirements of 11 U.S.C. § 1129(b)(2)(A). See, e.g., Rake v. Wade, 508 U.S. 464, 472 n.8 (1993); Till v. SCS Credit Corp., 541 U.S. 465, 474 (2004); In re Topp, 75 F. 4th 959, 963 (8th Cir. 2023)(requiring an upward interest rate adjustment for post-default credit risk). The Bank will submit alternative plan language to Debtor to resolve this issue.

2. The Bank objects to Debtor's characterization of the Bank and its claim in Section 3.2.1 of the Plan. The Bank has briefed its position in its Response to Debtor's Claim

Objection. [ECF 98] Section 3.2.1 should be simplified to indicate that allowed amount of the Bank's claim is disputed.

3. The proposed treatment of existing equity interest holders in Section 3.2.8 of the Plan violates the absolute priority rule. The Plan should indicate what consideration equity interest holders will provide to the Debtor in exchange for retaining their equity interests.

4. 11 U.S.C. § 1129(a)(5) requires the Plan to specify who will manage and operate the reorganized debtor and disclose the compensation that will be paid to insiders for such services. In Debtor's case, the Plan should identify an independent third-party management company, and a management agreement should be negotiated on an arms-length basis.

5. Section 4.7 of the Plan would create a long-term injunction to shield non-debtor third parties, including insiders, from avoidance actions and other legitimate causes of actions (the "Third Party Injunction"). Without consent, the Third-Party Injunction renders the Plan unconfirmable under 11 U.S.C. § 1129(a)(1) or § 1129(a)(3). Harrington v. Purdue Pharma L.P. (In re Purdue Pharma), 603 U.S. 204, (2024). This provision will generate unnecessary litigation and it should be removed from the Plan.

6. The sale option described in Section 4.3. of the Plan is not "fair and equitable" under § 1129(b)(2)(A) because it does not preserve the Bank's credit bid rights under 11 U.S.C. 363§(k). RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 206 (2012). The Plan should be amended to clarify that the Bank will retain its credit bid rights in the event of a sale.

7. The Plan unjustifiably classify general unsecured claims into three different classes. Class 7, the claim of Blacktail Investments, LLC ("Blacktail"), has clearly been "gerrymandered" to create an "inpaired accepting class." 11 U.S.C. § 1129(a)(10). The Plan

2

should be revised to create a single class of general unsecured claims. Additionally, if Blacktail is an insider or a non-statutory insider, the Plan should confirm whether it will be counted for voting purposes. See also U.S. Bank, N.A. v. Village at Lakeridge, LLC, 583 U.S. (2018).

8. The Plan does not provide "adequate means of implementation," as required by 11 U.S.C. §§ 1123(a)(5) and 1129(a)(1). In particular, the Plan lacks adequate remedies for post-confirmation defaults. The Bank will submit alternative plan language to Debtor to resolve this issue.

9. Lastly, the Plan should provide cash flow projections to prove the Plan is feasible and subsequent liquidation or reorganization will not be inevitable in this case. If Debtor fails to do so, the Plan will be unconfirmable under §1129(a)(11).

For all the foregoing reasons, the Bank respectfully requests that the Court enter an Order denying confirmation of the Plan. Alternatively, Debtor should amend the Plan to resolve the foregoing issues.

Dated this 15th day of May, 2025.

**VOGEL LAW FIRM**

BY: /s/ Kesha L. Tanabe
Kesha L. Tanabe
ktanabe@vogellaw.com
Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
**ATTORNEYS FOR RED RIVER STATE BANK**

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| In re: | Lead Case No.: 25-30003 |
|---|---|
| Parkside Place, LLC, | Chapter 11 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

    Kesha L. Tanabe hereby certifies that filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated: May 16, 2025

    */s/ Kesha L. Tanabe*
    Kesha L. Tanabe

4