IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | Jointly Administered |
| Debtor | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## MOTION TO APPROVE STIPULATION

Come now Generations on 1st, LLC ("Generations") and Parkside Place, LLC ("Parkside") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, pursuant to Section 362(j) of Title 11 of the United States Code, and move this Honorable Court to approve the stipulation entered into between Red River State Bank ("RRSB") and the Debtors (the "Stipulation," as found at docket entry #92), and in support thereof state as follows:

As noted in the Stipulation, Craig Holdings, LLC ("CHL") is the fee simple owner of a house (the "CHL House") that serves as security for one or more promissory notes on which the Debtors are obligated. RRSB commenced a foreclosure proceeding, against the CHL House, pre-petition, and CHL now wishes to redeem the property from foreclosure.

As CHL works to redeem the CHL House from foreclosure, however, certain third parties have expressed discomfort with Generations and Parkside being debtors-in-possession, with said concerns seemingly going to whether or not a refinancing of the CHL House would offend the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay"). The precise nature of such concerns is slightly vague but, equally, the Debtors respect and

1

appreciate that the realm of bankruptcy law can at times appear equally niche and combustible to lenders, title agents and other third parties.

As noted in the Stipulation, the Debtors' estates will benefit from a refinancing of CHL's debt insofar as such will serve to ultimately lessen the obligation of the Debtors to RRSB. Less objectively, the Debtors will also benefit—in some intangible form—from avoiding the disruptive nature of their principal losing a separately-titled property, of which he is fond, to foreclosure. The record in these cases well reflects the existence of a certain modicum of tension between the Debtors and RRSB; any efforts to alleviate such tension—or, at minimum, avoid the exacerbation of such tension—will assuredly pay dividends of some variety, especially as counsel for both sets of parties works to try to find potential grounds for compromise or settlement.

The foregoing well informs why the Stipulation was entered into, and docketed, in the first instance. But, with the deadline to redeem the CHL House from foreclosure rapidly nearing (June 12, 2025), it appears at least one third party has asked that this Honorable Court approve the Stipulation. And, thus, this slightly unorthodox motion is now brought.

At core, the Debtors seek entry of an order affirming the Stipulation, which merely provides, in substance, that (i) the Automatic Stay does not prohibit a joint obligor from refinancing pledged property so as to pay down the Debtors' obligation to RRSB; and (ii) a non-debtor does not need leave of court to refinance property that does not belong to either Debtor's estate.

The narrowness of the relief being sought herein merits notation: the Debtors do not own the CHL House, have never owned the CHL House, and do not plan to acquire the CHL House. CHL is not a debtor in bankruptcy and never has been a debtor in bankruptcy. Refinancing the CHL House will ensure monies are paid to RRSB, thusly lessening the Debtors' obligation to

2

RRSB. And, in light of these realities, coupled with the contours of the Automatic Stay, it is sincerely believed that the contemplated transaction will not offend the Automatic Stay or otherwise run afoul of the provisions of Title 11 of the United States Code.

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) enter an order approving the Stipulation; and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: May 26, 2025   By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3