UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: ) | Bankruptcy No. 25-30003 |
| ) | Chapter 11 |
| Parkside Place, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**DISCOVERY, SCHEDULING AND PREHEARING ORDER
REGARDING DEBTOR'S OBJECTION TO RED RIVER STATE BANK'S
PROOF OF CLAIM**

Debtor Parkside Place, LLC, filed an Objection to Claims of Red River State Bank. Doc. 96 (filed in lead case 25-30002). In its objection, Debtor argues:

> (i) RRSB has failed to account for historic payments made—by the Debtors and others (including tenants, through an assignment of rents and an ensuing receivership)—against the subject debts; (ii) portions of the Claims are premised upon a document procured through fraud; (iii) the Claims appear to be premised upon an interest rate procured either through fraud or through a transaction otherwise avoidable under governing law; and (iv) the total debt to RRSB, after accounting for historic payments, should be setoff in a sum equal to the damages sustained by each Debtor on account of the tortious conduct of RRSB.

Id. at 1-2. The issues raised in this objection are similar to the issues Debtor raised in Adversary Proceeding 25-7009, Generations on 1st, et al v. Red River State Bank. Consequently, Debtor seeks to consolidate the hearing on this proof of claim with the adversary proceeding.

At the scheduling conference on July 8, 2025, Red River State Bank opposed Debtor's requested consolidation, arguing that claim objection issues should be resolved as soon as possible to ensure that interested parties may properly evaluate Debtor's Chapter 11 Plan of Reorganization and file pleadings responding to it and seeking other relief.

For reasons stated at the July 8, 2025, hearing, the Court grants Debtor's request in part and denies it in part. A hearing on all issues related to distribution of

loan proceeds from Red River State Bank to Debtor and related entities and an accounting for historic payments made—by the Debtors and others (including tenants, through an assignment of rents and an ensuing receivership)—to Red River State Bank, together with an accounting of how Red River State Bank applied these payment to the debt owed to Red River State Bank, will be held on **Monday, September 29, 2025, at 10:00 A M.** in Courtroom #3, Second Floor, Quentin N. Burdick United States Courthouse, 655 First Avenue North, Fargo, North Dakota.  All other issues raised in Debtor's Objection to Claims of Red River State Bank [Doc. 96] will be consolidated with trial of Adversary Proceeding 25-7009, Generations on 1st, et al v. Red River State Bank.

Other related deadlines and hearings include:

1. A Discovery Status Conference will be held on **Wednesday, August 6, 2025, at 11:00 a.m.** (by telephone).

2. Deadline for Red River State Bank to file a Response to Debtor's Objection to Claims of Red River State Bank is **September 2, 2025**.

3. The parties shall have until **September 2, 2025**, to complete written fact and expert discovery and to file discovery motions. No party shall be required to respond to any discovery request which falls due after this date.

4. The parties shall have until **September 15, 2025**, to complete all other discovery.

5. **Not later than 14 days before the hearing**, the parties must exchange exhibits.

    Parties must offer electronic copies of exhibits, rather than paper copies. Counsel must also offer rebuttal exhibits electronically, but they need not share copies with opposing counsel in advance of the hearing. The parties may not offer a paper document unless there is cause for offering an original record at the hearing. Upon request, a party must make the original version of the exhibits available for inspection by other parties.

    Parties may file their exhibits on the docket. If they elect to do so, the docket number will serve as the exhibit number. Alternatively, parties may offer documents electronically at the hearing by emailing premarked copies of exhibits to the Court at the following email address: NDB_Trial_Evidence@ndb.uscourts.gov with a copy to opposing counsel.

    If a party elects to email the exhibits, the party must create a single, searchable, non-password protected PDF document labeled with the name of the submitting

party, with each exhibit labeled with the exhibit number or letter as required by this Order.  Each exhibit must be accessible via a master exhibit list at the front  or side tab of the PDF document holder.  Each combined PDF document must not exceed 50MB in size.

Exhibits sent electronically must be premarked with an exhibit sticker.  The parties should agree on a division of numbers or letters, and the exhibit labels should clearly identify the party who is offering the exhibit.

Counsel must disclose and list all exhibits relating to an issue on which their client carries the burden of proof or the burden of going forward with the evidence.  They must also designate each exhibit as "will offer" or "may offer" on the exhibit list. Documents used solely for rebuttal purposes or impeachment need not be numbered or listed until identified at the hearing.

If a party fails to disclose or list an exhibit required by this order or a procedural rule, the Court will refuse to admit it into evidence unless the party shows cause for failing to disclose the exhibit.

The parties must designate which of the opposing party's exhibits they agree may be received as evidence for all purposes, which exhibits they agree to waive authenticity and original record objections, and which exhibits will draw objections. For those exhibits that draw objections, counsel must list the relevant rule(s) of evidence which serve as a basis for the objection in the column marked "objections" on the exhibit list.  These designations must be appropriately marked on the opposing party's exhibit list form and returned to opposing counsel **at least 7 days before the hearing**.

Except for an objection under Federal Rule of Evidence 402 or 403, failure to list an objection on the exhibit list may result in waiver of the objection unless excused by the Court for cause. See Fed. R. Civ. P. 26(a)(3)(B).

The Court encourages the parties to agree on admissibility of exhibits and expects counsel to waive original evidence and authenticity objections unless there is a compelling, specific objection to a particular exhibit. Stipulations to admissibility or waiver of original record and authenticity objections must be indicated in the appropriate column on the exhibit list.

If two or more parties mark the same exhibit, the parties should decide which exhibit will be offered at the hearing. The parties should avoid offering duplicative exhibits.

**Not later than 3 days before the hearing,** the parties must file their exhibit lists with the opposing party's designations and objections noted on the form.

**Not later than 3 business days before the hearing**, the parties must file or electronically transfer/email their marked exhibits to the Court (except original records, which may be offered at the hearing).

6. **Not later than 3 days before the hearing**, the parties must exchange and file a list of witnesses, separately identifying those witnesses the party will call and those the party may call at the hearing.

7. **A party seeking to call a witness via video conference must seek Court approval not less than 7 days before the hearing**. The party and the witness must agree to comply with the video conference procedures provided on the Court website.

8. **Not later than 14 days before the hearing**, the offering party must serve a designation of the portions of any depositions that the offering party expects to present at the hearing (other than solely for impeachment purposes), and the manner in which each of those depositions was recorded. A transcript of the pertinent portions of any depositions not stenographically recorded must accompany the designation.

   The other parties have **7 days** to file and serve any objections to the use of the deposition under Rule 32(a) and/or to designate additional portions of any deposition appearing on the offering party's list. Failure to make a specific objection, except for one under Federal Rule of Evidence 402 or 403, is waived unless excused by the Court for cause.

Dated: July 10, 2025.

Shon Hastings, Judge
United States Bankruptcy Court

Copy served electronically July 10, 2025, to Attorney Maurice VerStandig for service.