

Phone: 701.237.6983
218 NP Avenue | Fargo, ND 58102
PO Box 1389 | Fargo, ND 58107-1389
Fax: 701.476.7676
cstanley@vogellaw.com

July 30, 2025

**VIA ECF ONLY**

Judge Shon Hastings
Bankruptcy Clerk's Office
Quentin N. Burdick United States Courthouse
655 1st Ave N., Ste 210
Fargo, ND 58102

**Re:    The Ruins LLC, Case No. 25-30004**
**Generations on 1st LLC, Case No. 25-30002**
**Parkside Place LLC, Case No. 25-30003**
**Our File No.: 034534.25025, 034534.25026 and 034534.25027**

Dear Judge Hastings:

This letter is intended as a status update and explanation of Red River State Bank's ongoing concern with respect to the status of discovery in the above-titled Chapter 11 bankruptcy cases. RRSB had previously explained the deficiencies with respect to the document production of the Craig Non-Debtor Third Parties in the Declaration of Caren Stanley dated July 6, 2025 filed as ECF 120 in the Generations/Parkside jointly administered case.

On July 22, 2025, the Craig Non-Debtor Third-Parties provided bate-stamped documents identified as "Craig Non-Debtor Third Parties" from **000001 to 006550**.[1] *See* **Attachment 1** for a screenshot of the documents provided.

On July 23, 2025, Debtors Parkside Place, LLC and Generations on 1st, LLC (collectively, the "Debtors") provided virtually identical documents (indeed they contained the Craig Non-Debtor

---

[1] Counsel for RRSB is unable to open the pdf titled 006551-006611 MC's Answers in SD Case and Supporting Documents and has reached out to the attorneys for the Craig Non-Debtor Third Parties requesting they provide a new/uncorrupted file and fully anticipate that will be promptly done. Accordingly, it appears that a total of **6,611 pages** were provided by the Craig Non-Debtor Third Parties in response to RRSB's subpoenas.

July 30, 2025
Page 2

Third Parties bate-stamps but also added on its own bate-stamp reference of "Generations on 1st/Parkside Place 000XXXX". Debtors have provided bate numbered documents identified as Generations on 1st/Parkside Place **0000001- 006965**. *See* **Attachment 1** for a screenshot of a bate-stamping example. It appears that Debtors have provided an additional 354 pages over and above what was provided by the Craig Non-Debtor Third Parties.

Unfortunately, the deficiencies as outlined in the Stanley Declaration [ECF 120] have not been remedied such as:

1. Failure to include attachments to emails. This was thoroughly documented in the July 7th letter attached to the Stanley Declaration. It does not appear that *any* effort was made to find the missing attachments to the emails.

2. Draw requests for Generations 1-16 have now been provided. However, there were 17 draw requests for Generations.

3. Draw requests for Ruins 1-10 have now been provided. However, there were 14 draw requests for Ruins.

4. For each construction project, RRSB's subpoenas requested the following documents be provided:

    a. Quotes and/or contract(s) for services, labor, and/or materials to be provided;

    b. Invoices, statements, and payment applications for services, labor, and/or materials provided;

    c. Draw requests and records of payments received for services, labor, and/or materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.;

    d. Records of payments made for services and materials provided including but not limited to bank statements, copies of checks (front and back), wire transfer records, etc.; and

    e. Lien waivers.

There are innumerable deficiencies in the production of documents from the Craig Non-Debtor Third Parties and the Debtors such as:

July 30, 2025
Page 3

    a. Very few, if any quotes for services, labor, and/or materials were disclosed. Some of them would be included in attachments to emails, but once again the attachments are all missing.

    b. Very few, if any lien waivers have been provided by the Craig Non-Debtor Third Parties and the Debtors.

    c. Records of payments made for services and materials provided by subcontractors (such as the front and back of checks) have <u>not</u> been provided. It was RRSB's understanding that the majority of payments were made to subcontractors from the Craig Development, LLC checking account at First Community Credit Union ("FCCU"). However, the FCCU bank statements were only provided for July 2020 through November 2022 and did not include copies of any checks or wires, etc. Without actual payment records, it is impossible to know where the funds provided by RRSB actually went. *See* **Attachment 1** for an example of what is shown on the FCCU bank statements.

    d. Based on the information gleaned by RRSB from the 30+ South Dakota state court subpoenas and the subpoenas also issued in these bankruptcy cases, it appears there are thousands of pages of documents that have not been turned over by the Debtors and the Craig Non-Debtor Third Parties.

    e. In response to RRSB's interrogatories to the Debtors requesting similar information as to subcontractors, the Debtors both substantially responded as follows:

**INTERROGATORY NO.6** With respect to the Generations Project, identify the following for each individual or entity that provided labor, materials, and/or services:

    a. Name, contact person, phone number, mailing address, and contact person's email address;

    b. Explanation of the type of labor, materials, or services provided;

    c. The contract amount, hourly rate, etc. that Generations, Craig Development, LLC and/or Prevail LLC agreed to pay for the labor, materials, and/or services provided;

    d. Amount owed by Generations, Craig Development, LLC and/or Prevail LLC for the labor, materials, and/or services provided;

    e. Amount actually paid for the labor, materials, and/or services provided; and

    f. Date of payment, amount, the payor, and the payee.

July 30, 2025
Page 4

**OBJECTION.** Generations objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is already within the possession of RRSB.

**ANSWER.** Subject to and without waiving the foregoing objection, Generations states that the information sought regarding individuals and entities that provided labor, materials, or services in connection with the Generations Project is reflected in the construction draw requests and supporting documentation previously submitted to Watertown Development Corp. and/or RRSB. These draw requests include invoices, sworn construction statements, and payment applications, all of which were reviewed, approved, and funded by the relevant parties. Generations refers RRSB to those documents for the details responsive to this Interrogatory.

Generations further responds that its investigation and discovery are ongoing and therefore reserves the right to amend and/or otherwise supplement its answers as further investigation and/or discovery uncovers information and/or documents responsive to this Interrogatory.

Similarly, RRSB's Requests for Production of Documents issued to Debtors requested subcontractor documents as follows:

**REQUEST NO. 4**  Provide copies of the following documents for each individual or entity that provided labor, materials, or services for the improvement of the Generations Project:

  a. Quotes, estimates, and/or contracts for services or materials to be provided;
  b. Invoices, statements, and payment applications for services and/or materials provided;
  c. Records of payment made for services and materials provided including but not limited to copies of checks (front and back), wire transfer records, bank statements, etc.; and
  d. Lien waivers

**Response**: Responsive documents in the possession, custody and control of Generations—if any—will be produced.

July 30, 2025
Page 5

What is particularly troubling to RRSB is that on July 29, 2025, the Debtors served their own requests for production of documents that include requests for the following:

> Request 2.    All documents RRSB has received from any third party in response to any subpoena issued in connection with the above-captioned bankruptcy proceeding or any adversary proceeding filed in connection with the above-captioned bankruptcy proceeding.
>
> Request 3.    All documents RRSB has received from any third party in response to any subpoena issued in connection with any judicial action to which both RRSB and Generations are or were parties.

RRSB has spent at least $30,000, if not more, in attorneys' fees and direct payments to third parties to obtain the subpoenaed documents. If the Debtors and the Craig Non-Debtor Third Parties refuse to provide these documents (which should be in their possession and control since they were originally sent to Craig Development LLC, the Debtors, and/or Jesse Craig by the subpoenaed third parties), then they should <u>not</u> be entitled to benefit from the hard work and effort expended by RRSB to obtain these documents from third parties.

In sum, RRSB remains concerned the Debtors and the Craig Non-Debtor Third Parties are willfully refusing to turn over documents that should be in their care, custody, and control.

Regards,

*/s/ Caren Stanley*

Caren W. Stanley

Attachment

cc:   Dan Frisk (via email)
      Mark Schwab (via email)
      Mac VerStandig
      Christianna Cathcart

July 30, 2025
Page 6

# **ATTACHMENT 1**

The Craig Non-Debtor Third Parties Subpoena responses screenshot of documents produced:



Example of bate-stamping:

Generations on 1st/Parkside Place 000001      Craig Non-Debtor Third Parties      001335

Example of First Community Credit Union Bank statement for Craig Development and Jesse Craig, Account # XXXX1711 for March 2022:

July 30, 2025
Page 7

## Account Detail

**PRIME SHARES   ACCT# 1**   03-01-22 THRU 03-31-22   PREVIOUS BALANCE 0.00

ENDING BALANCE   0.00

**SMALL BUSINESS CHECKING   ACCT# 2**   03-01-22 THRU 03-31-22   PREVIOUS BALANCE 368.64

| Date | Transaction Description | Amount | Balance |
|---|---|---|---|
| MAR 02 | DEPOSIT | 70000.00 | 70368.64 |
| MAR 02 | TRANSFER 2 | -70000.00 | 368.64 |
| MAR 10 | DEPOSIT | 25000.00 | 25368.64 |
| MAR 10 | TRANSFER 2 | -25000.00 | 368.64 |
| MAR 14 | TRANSFER 2 | 153000.00 | 153368.64 |
| MAR 14 | WITHDRAWAL | -103005.00 | 50363.64 |
| MAR 14 | WITHDRAWAL-CASH | -1250.00 | 49113.64 |
| MAR 15 | TRANSFER 2   PER JESSE VIA EMAIL | -2000.00 | 47113.64 |
| MAR 17 | SHARE DRAFT 10103 TRACE#: 00108695 | -805.86 | 46307.78 |
| MAR 17 | SHARE DRAFT 10099 TRACE#: 00109985 | -5856.25 | 40451.53 |
| MAR 18 | EFT LIBERTY CHECK  HarlandClarke-LiCHK ORDER 031722 | -336.95 | 40114.58 |
| MAR 21 | SHARE DRAFT 10097 TRACE#: 00109440 | -100.00 | 40014.58 |
| MAR 21 | SHARE DRAFT 10101 TRACE#: 00109355 | -490.48 | 39524.10 |
| MAR 21 | SHARE DRAFT 10095 TRACE#: 00106600 | -1372.50 | 38151.60 |
| MAR 21 | SHARE DRAFT 10098 TRACE#: 00102615 | -1823.42 | 36328.18 |
| MAR 21 | SHARE DRAFT 10100 TRACE#: 00108380 | -1864.50 | 34463.68 |
| MAR 22 | SHARE DRAFT 10104 TRACE#: 00113115 | -2585.82 | 31877.86 |
| MAR 23 | WITHDRAWAL-CASH | -1000.00 | 30877.86 |
| MAR 23 | SHARE DRAFT 10109 TRACE#: 00108990 | -624.90 | 30252.96 |
| MAR 23 | SHARE DRAFT 10110 TRACE#: 00106670 | -2620.29 | 27632.67 |
| MAR 24 | DEPOSIT | 181947.80 | 209580.47 |
| MAR 29 | SHARE DRAFT 10111 TRACE#: 00113430 | -163753.02 | 45827.45 |
| MAR 30 | SHARE DRAFT 10102 TRACE#: 00109415 | -89.38 | 45738.07 |

ENDING BALANCE   45,738.07

**Check Summary**   * = break in check sequence

| SD# | Date | Amount |
|---|---|---|
| 10095 | 03-21-22 | 1372.50 |
| 10097 * | 03-21-22 | 100.00 |

| SD# | Date | Amount |
|---|---|---|
| 10098 | 03-21-22 | 1823.42 |
| 10099 | 03-17-22 | 5856.25 |

**Check Summary**   * = break in check sequence

| SD# | Date | Amount |
|---|---|---|
| 10100 | 03-21-22 | 1864.50 |
| 10101 | 03-21-22 | 490.48 |
| 10102 | 03-30-22 | 89.38 |
| 10103 | 03-17-22 | 805.86 |

| SD# | Date | Amount |
|---|---|---|
| 10104 | 03-22-22 | 2585.82 |
| 10109 * | 03-23-22 | 624.90 |
| 10110 | 03-23-22 | 2620.29 |
| 10111 | 03-29-22 | 163753.02 |