IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| | ) | |

**RESPONSE TO NOTICES OF DEFAULT**

Come now Generations on 1st, LLC ("Generations") and Parkside Place, LLC ("Parkside") (collectively, the "Debtors" and each a "Debtor"), by and through undersigned counsel, and in response to the Affidavit of Default for Generations in 1st LLC, DE #168, and Affidavit of Default for Parkside Place LLC, DE #169, note as follows:

On August 26, 2025—mere hours after this Honorable Court entered an order approving the parties' latest cash collateral stipulation, DE #160—Red River State Bank ("RRSB") sent a notice of default thereunder, alleging (i) Generations and Parkside to not be named insureds; (ii) insurance to not cover all residential units; and (iii) the categorization of property to be improper in insurance documents, DE #168-1, DE #169-1. These assertions were—and are—demonstrably counterfactual.

Generations and Parkside are, and at all times relevant have been, named insureds. *See* Certificate of Insurance, attached hereto as Exhibit A.; Policy of Insurance, attached hereto as Exhibit B, at p. 35.

1

Equally, the policy of insurance that is in place covers—and always has covered—"the entire premises and all operations." *See* Letter of Insurer, attached hereto as Exhibit C. And the classification of the property is "correct as written," in accord with "ISO standards." *Id.*

Unfortunately, RRSB has established a now long-running practice of underhanded gamesmanship both in these cases and in the parties' historic course of dealings. Docketing a cash collateral stipulation with the seeming design of immediately declaring a default thereunder seems hardly the stuff of good faith. Premising that putative default upon objective falsities is all the more troubling. And using the same to endeavor to garner stay relief, mere days before a hearing on claim objections and as an adversary proceeding steadily proceeds, speaks volumes to the bona fides, *vel non*, of RRSB's case on the merits of those matters.

There does not exist a default nor has there ever existed a default. And the Debtors thusly ask this Honorable Court to hold a hearing on the declared default prior to entering any order thereupon.

Respectfully Submitted,

Dated: September 18, 2025      By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

2