UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Case No.: 25-30002 |
| Generations on 1st LLC, | Chapter 11 |
| Debtor. | |
| In Re: | Case No. 25-30003 |
| Parkside Place LLC, | Chapter 11 |
| Debtor. | (Jointly Administered) |

**SUPPLEMENTAL AFFIDAVIT OF DEFAULT (GENERATIONS)**

Red River State Bank ("RRSB"), by and through the undersigned, offers the following information to supplement the Affidavit of Default (Generations) filed on September 18, 2025 [ECF No. 169] (the "Generations AOD") and to confirm the existence of the Event of Default described therein:

1. Reference is made to the Cash Collateral Stipulation dated August 7, 2025, as amended on August 26, 2025 [ECF Nos. 137, 159] (the "Stipulation"). All capitalized terms used hereinafter and not otherwise defined shall have the meanings assigned to such terms in the Stipulation.

<u>The Notice of Default and Debtor's Response</u>

2. Pursuant to Section 13(i)(3) of the Stipulation, RRSB sent a Notice of Default to the Debtor on August 26, 2025 (the "NOD"). A true and correct copy of the NOD was attached to the Generations AOD as Exhibit A.

3. The NOD alleges that an Event of Default exists under the Stipulation due to the Debtor's failure to maintain insurance "*in an amount as is appropriate...* with respect to the Generations Real Property," as required by paragraph 6 of the Stipulation. (emphasis added).

4. Under the Stipulation, Debtor was required to cure the aforementioned Event of Default within 20 calendar days, i.e. Monday, September 15, 2025 (the "Deadline to Cure"). Id.

5. The Generations AOD was filed three days after the Deadline to Cure, at 10:12 p.m. Central Time.

6. Debtor filed a 169-page response at 10:26 p.m. on September 18, 2025 [ECF No.170] (the "Response"). The insurance policy is attached to the Response as Exhibit B (the "Insurance Policy").

7. Debtor's counsel sent an email to RRSB at 10:29 p.m. requesting withdrawal of the Generations AOD (the "Email"). A true and correct copy of the email is attached as Exhibit A.

8. By sending the NOD, RRSB expected that Debtor would contact the Insurance Company to correct the error (and pay additional premium, if required). With the exception of the Response and Email, however, RRSB had received no response from Debtor to any inquiries related to the Insurance Policy, the NOD or the Generations AOD.

RRSB's Insurance Concern Remains Unresolved

9. RRSB remains concerned that the premium charged by Liberty Mutual (the "Insurance Company") was calculated based on an inaccurate representation re the size of the building.

10. As explained in the Generations AOD, the insurance coverage and premium for the Generations Real Property was calculated based on a 63-unit residential building. *See* Page 33 of 164 of Exhibit B to the Response. In fact, the Generations Real Property is a 72-unit building.

11. There is an endorsement to the policy that permits the Insurance Company to void the Insurance Policy due to "Concealment, Misrepresentation, or Fraud." Specifically, it states "We may void this policy and/or deny a claim if, before or after a loss, you or any insured…misrepresented any material fact…or made incorrect statements or representations with regard to any material fact or circumstance."

12. There is also an endorsement called "South Dakota – Cancellation and Nonrenewal." This endorsement also allows the insurance company to issue a notice of cancellation upon discovery of a material misrepresentation or omission.

13. RRSB remains concerned that Debtor misrepresented the number of units in the building for the purpose of lowering the premium due from the Debtor to the Insurance Company. If the building is underinsured as a result, or if the Insurance Company has a basis to deny coverage due to the Debtor's misrepresentation about the size of the building, such discrepancy is material and relevant to RRSB for the purpose of adequate protection.

14. It is common for a secured lender to inquire about the adequacy of insurance. The Debtor's Mortgages (copies of which were attached the RRSB's Proof of Claim No. 1 in this case), require that "Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender."

15. It is also commonplace in a Chapter 11 case for a secured creditor to condition the Debtor's use of its collateral upon adequate insurance coverage, and for Chapter 11 debtors to stipulate to various reporting requirements that ensure transparency.

16. By contrast, it is highly irregular for the Debtor to stonewall RRSB's informal and formal inquiries about insurance coverage. As stated above, Debtor made no effort to respond to the NOD, informally or formally, until it filed the Response three days after the Deadline to Cure.

### The Kottsick Letter

17. Exhibit C to the Response is an undated letter from Chris Kottsick, an insurance agent (the "Kottsick Letter").

18. First, RRSB did not know of the Kottsick Letter until the Response was filed.

19. Second, the Kottsick Letter does not excuse Debtor's failure to timely respond to the NOD.

20. Third, the Kottsick Letter is problematic because it was submitted by Summit Insurance Agency, LLC ("Summit") and not the Insurance Company at issue here. The letter does not express any view by, nor does it bind the Insurance Company with respect to the insurance issue here.

21. Fourth, and perhaps most problematic, the Kottsick Letter fails to disclose the financial relationship between Jesse Craig and Summit. A true and correct copy of a Schedule K-1 issued by Summit to Jesse Craig, signed by Mr. Kottsick and dated April 4, 2024, is attached hereto as Exhibit B.

4

### The Stipulation Should be Enforced in Accordance with Its Terms

22. In our Circuit, a debtor is generally bound by the bargain it makes with its secured creditors. *See In re Borm*, 508 B.R. 104, 106 (B.A.P. 8th Cir. 2014); *In re Martens*, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005). Bankruptcy courts in the Eighth Circuit routinely grant stay relief where, as here, a debtor has not complied with the terms of its own bargained for relief.

23. In this case, the Debtor moved for use of RRSB's cash collateral on August 6, 2025 [ECF No. 137]. RRSB objected, largely because the Debtor had been nonresponsive to its information requests [ECF No. 157]. The matter was set for hearing on August 28, 2025. The parties resolved the motion by Stipulation on August 26, 2025.

24. The terms of the Stipulation were heavily bargained. There are very few enumerated events of default, one of which is a failure to adequately insure the building. Given the seriousness of the matter, RRSB has no explanation for the Debtor's refusal to contact the Insurance Company to correct the inaccurate statements used to calculate the premium due for the Insurance Policy.

25. RRSB disputes Debtor's statement in the Email that the Generations AOD is "objectively erroneous." The Insurance Policy annexed to the Response confirms that inaccurate statements about the size of the building were used to calculate the premium due from Debtor to the Insurance Company. The endorsements attached to the Insurance Policy further confirm that inaccurate statements are a basis to deny a claim or cancel the Insurance Policy.

26. Instead of correcting the issue, Debtor stonewalled RRSB and then doubled-down with respect to the inaccurate statements to the Insurance Company. Exhibit C seems to be an undated, unsworn statement from an affiliate that it's "not a big deal."

27. Debtor's Response confirms rather than resolves RRSB's existing concern about the adequacy of the insurance coverage. For all the foregoing reasons, RRSB has not withdrawn the Generations AOD. RRSB maintains its position that an Event of Default has occurred, RRSB properly served the NOD on the Debtor, the Deadline to Cure has lapsed, and under the Stipulation, the parties agreed that RRSB would be entitled to seek relief from the automatic stay under such conditions.

Dated: September 22, 2025.

**VOGEL LAW FIRM**

BY: */s/ Kesha L. Tanabe*
　　Caren W. Stanley (#06100)
　　cstanley@vogellaw.com
　　Drew J. Hushka (#08230)
　　dhushka@vogellaw.com
　　Kesha L. Tanabe
　　ktanabe@vogellaw.com
　　218 NP Avenue
　　PO Box 1389
　　Fargo, ND  58107-1389
　　Telephone: 701.237.6983
　　*Attorneys for Red River State Bank*