UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| Generations on 1st LLC, | Bankr. No. 25-30002 |
| Debtor, Jointly Administered | Chapter 11 |
| Parkside Place LLC, | Bankr. No. 25-30003 |
| Debtor, Jointly Administered | Chapter 11 |

**OBJECTION TO DISCLOSURE STATEMENT OF GENERATIONS ON 1ST**

The United States Trustee (UST) objects to the Disclosure Statement (DS) for Amended Chapter 11 Plan of Reorganization of Generations on 1st, LLC (Doc. 239). In support of her objection, she states the following:

**LAW**

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. *In re Monnier Bros.,* 755 F.2d 1336, 1342 (8th Cir. 1985).

Section 1125(b) provides that a written disclosure statement must contain adequate information. 11 U.S.C. § 1125(b). "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor=s books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan;

11 U.S.C. § 1125(a)(1).

1

Section 1125(a)(1) leaves the bankruptcy court with wide discretion to determine whether a disclosure statement complies with the adequate information requirement. *In re Dakota Rail, Inc.,* 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (citing *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1157 (5th Cir.), *cert. denied,* __ U.S. __, 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988)).  Case law has identified the following non-exhaustive list of the types of factors to be included in a disclosure statement:

1. the events which led to the filing of a bankruptcy petition;

2. the description of the available assets and their value;

3. the anticipated future of the company;

4. the source of information stated in the disclosure statement;

5. a disclaimer;

6. the present condition of the debtor while in chapter 11;

7. the scheduled claims;

8. the estimated return to creditors under a chapter 7 liquidation;

9. the accounting method utilized to produce financial information and the name of the accountants responsible for such information;

10. the future management of the debtor;

11. the chapter 11 plan or a summary thereof;

12. the estimated administrative expenses, including attorneys' and accountants' fees;

13. the collectability of accounts receivable;

14. the financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

15. information relevant to the risk posed to creditors under the plan;

    16. the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

    17. litigation likely to arise in a non-bankruptcy context;

    18. tax attributes of the debtor; and

    19. the relationship of the debtor with affiliates.

*In re Dakota Rail.* 104 B.R. at 142-43; LAWRENCE P. KING, 7 COLLIER ON BANKRUPTCY & 1125.02[2], at 1125-10 (15th ed. 1997); *see also In re Haukos Farms, Inc.,* 68 B.R. 428 (Bankr. D. Minn. 1986).

## OBJECTION

1. The DS and Plan lack sufficient detail to adequately inform the voters of terms and feasibility of the Plan.

2. The DS, Section V: Administrative expenses are not estimated.

3. The DS, Section V: U.S. Trustee Fees. The Disclosure Statement or Plan should add that the Debtor will continue to provide all reports required by the U.S. Trustee until the case is closed.

4. The DS and Plan fail to set forth how the unsecured classes will be paid. For example, the amount of the payments and the timing of the payments (e.g. monthly, quarterly, annually) has not been disclosed.

5. The breakdown of creditors and classes exhibit to the Plan lists several unsecured creditors with claims of less than $1,000. The UST recommends that those claims be paid in full upfront through a convenience class.

6. The DS and/or Plan does not include historical operating information.

7. The DS and/or Plan does not include projections for future operations.

8. The DS and/or Plan is silent on what executory contracts will be assumed or denied. Since the Debtor operates an apartment complex, this information is important.

8. The DS and /or Plan does not include a liquidation analysis.

9. The DS should disclose all insider connections to the operations, e.g. the management company, etc.

10. The Plan, Article 5.3 should be deleted or a provision should be made to provide that undistributed property shall first be held by the Debtor and applied to creditor payments in accordance with the Plan prior to being donated.

WHEREFORE, Counsel requests that the Disclosure Statement not be approved until her objections are addressed and/or that the Court preserve said objections for the Plan confirmation hearing.

Dated: December 29, 2025                MARY R. JENSEN
                                        ACTING U.S. TRUSTEE REGION 12

                                         /s/ Sarah J. Wencil
                                        Sarah J. Wencil
                                        Office of the U.S. Trustee
                                        Suite 1015 U.S. Courthouse
                                        300 South Fourth St.
                                        Minneapolis, MN 55415
                                        Telephone: (612) 334-1366
                                        Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

| | |
|---|---|
| **Generations on 1st LLC,** | **Bankr. No. 25-30002** |
| **Debtor, Jointly Administered** | **Chapter 11** |
| **Parkside Place LLC,** | **Bankr. No. 25-30003** |
| **Debtor, Jointly Administered** | **Chapter 11** |

**CERTIFICATE OF SERVICE**

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated:   December 29, 2025

/s/ Sarah J. Wencil
Sarah J. Wencil

5