UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: <br><br> Generations on 1st, LLC, <br><br> Debtor. | Bankr. No. 25-30002 <br><br> Chapter 11 |
| In re: <br><br> Parkside Place, LLC, <br><br> Debtor. | Bankr. No. 25-30003 <br><br> Chapter 11 <br><br> (Jointly Administered) |

**WDC's OBJECTION TO DISCLOSURE STATEMENT FOR FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF PARKSIDE PLACE, LLC**

1.  Watertown Development Company ("WDC"), through its undersigned counsel, hereby objects to the Disclosure Statement for First Amended Chapter 11 Plan of Reorganization of Parkside Place, LLC (the "Disclosure Statement") (doc. 242) on the basis that it does not contain adequate information as required by 11 U.S.C. § 1125.

2.  WDC is a non-profit corporation organized under the laws of the State of South Dakota.

3.  WDC filed a Proof of Claim on March 6, 2025. (*See* Claims Registry, Claim No. 5.) WDC is a secured creditor and holds a pre-petition claim in the amount of $1,605,415.95. (*Id.*)

4.  No objection has been made to WDC's claim.

5.  Debtor filed its First Amended Chapter 11 Plan of Reorganization of Parkside Place, LLC on November 27, 2025. (Doc. 241.)

6. The Disclosure Statement (and the Plan itself) not only fails to contain adequate information, but it also includes incorrect information regarding WDC's claim.

7. In describing WDC's claim (doc. 242, p. 6), Debtor refers to the "TIF Arrangement," which is fundamentally misstated by Debtor. The Disclosure Statement represents that $1,466,470.00 will be paid toward WDC's claim by the City of Watertown, and all Debtor has to do in exchange is pay its property taxes. <u>This is plainly incorrect</u> and will leave creditors reading the Disclosure Statement with the impression that WDC will not need to utilize dollars from its monthly or annual cash flows to pay any portion of WDC's claim.

8. The underlying loan documents attached to WDC's claim unequivocally demonstrate that Debtor signed a Loan Agreement dated December 13, 2021, and a Promissory Note of the same date in the original principal amount of $1,358,724.00. (Claims Registry, Claim No. 5, Exs. 1 and 2.) Debtor subsequently signed a Loan Agreement dated April 9, 2021, and a Promissory Note of the same date in the original principal amount of $125,000.00. (*Id*. Exs. 4 and 5.) Accordingly, Debtor is absolutely liable to WDC for the full amount of the debt, despite Debtor's attempt to shift responsibility for the debt to the City of Watertown. Debtor provides no support for its statement that the TIF Arrangement provides "WDC shall receive $1,466,470.00 from the City of Watertown." (Doc. 242, p. 6.)

9. While it is true that Debtor is a party to agreements that establish a tax increment financing ("TIF") district in Watertown, South Dakota, the implications of those agreements are misstated by the Debtor, and Debtor does not provide evidentiary support of its position. The details of TIF financing can be complex, but the general concept is simple. To facilitate development in downtown Watertown, the City of Watertown agreed to establish a TIF District encompassing the real estate where Debtor's sole asset, an unfinished apartment complex, is

situated (the "Real Estate"). The purpose of the TIF is to allow the Debtor to recapture a portion of the property taxes it pays every year on the Real Estate in the form of a grant, which also helps Debtor repay the loan it took from WDC to finance acquisition of the land and the construction.

10. A copy of the Development Agreement is attached to the Affidavit of Jennifer Collins that was filed with WDC's objection to the Generations on 1st Disclosure Statement. (*See* Doc. 257-1.)

11. Debtor and the City of Watertown are the sole parties to a Development Agreement which establishes the TIF arrangement. (Doc. 257-1.) Exhibit B to the Development Agreement is the Tax Increment Project Plan (the "TIF Project Plan"). The estimated tax revenues are set forth on page 18 of the TIF Project Plan. (*Id.*) The amounts listed in the Development Agreement, by its own terms, are *estimates* of the future value of the Real Estate and the corresponding property tax that could reasonably be expected to flow from it. From there, the parties determined the estimated grant Debtor would receive from the City over the 20-year TIF period. To determine the amount of the grant, the Real Estate was valued before any improvements were made (the "Base Value"), and then the parties *estimated* what the value of the Real Estate would be after completion of construction. (*See* Doc. 257-1, Development Agreement, Section 1.) Pursuant to the Development Agreement, the property taxes paid on the difference between the Base Value and the final value (which was *estimated* in the Development Agreement) constitute the TIF Revenue to which the Debtor is entitled to receive as a grant from the City of Watertown. (*Id.*, Section 2.) Section 2.01 of the Development Agreement states: "City agrees to pay to Developer through a grant, but solely from Tax Increment Revenues, a sum <u>not to exceed</u> $1,466,470." (*Id.*) (emphasis added). The Development Agreement itself

defines the "Grant" as "an amount not to exceed $1,466,470 through the use of Tax Increment Revenues." (*Id.*, Section 1) (emphasis added). In other words, the amount of the grant from the City of Watertown is an estimate that may change, and Debtor does not disclose this fact in the Disclosure Statement.

12. Nothing in any of the TIF agreements: (i) established a definitive grant amount; (ii) made the City of Watertown liable to WDC for the debt; (iii) established a separate portion of the debt for which Debtor was responsible; or (iv) states that WDC's receipt of the real estate tax proceeds every year satisfies Debtor's obligations under the loan documents. The Debtor is the only borrower and obligor on the full amount of the debt owed to WDC.

13. Debtor's obligation to repay WDC is absolute and wholly independent of any amounts it receives from the City of Watertown through a grant. In other words, and by way of example only, if the Real Estate were assessed such that there is no value exceeding the Base Value, Debtor would be entitled to nothing under the TIF grant, but Debtor would still owe WDC for the loan it received. There is simply no contingency that excuses Debtor from liability to repay the loan if the TIF amount is less than expected.

14. Neither Debtor nor WDC, or even the City of Watertown, can possibly know how the assessed values of the real estate will change over time, and thus there is no guarantee of a sum certain that will be paid to WDC by the City of Watertown to be applied toward WDC's claim. It is therefore possible that Debtor will have to bridge a gap that may exist if the funds from the City of Watertown are not sufficient to make a payment due to WDC under the loan documents. By characterizing the amount paid from the City of Watertown as a sum certain, the Disclosure Statement does not contain adequate information.

15. The Disclosure Statement is also insufficient because it does not contain a liquidation analysis or cash flow projections. It is insufficient for Debtor to introduce these items at a plan confirmation hearing, because creditors should have this information when deciding whether or not to support a plan. Because this information is missing from the Disclosure Statement, it does not contain adequate information.

WHEREFORE, WDC respectfully requests that the Court determine that the Disclosure Statement does not contain adequate information as required by 11 U.S.C. ¶ 1125.

Dated this 30th day of December, 2025.

                    WOODS, FULLER, SHULTZ & SMITH P.C.

                    By /s/ Jordan J. Feist
                      Jordan J. Feist (#08592)
                      P.O. Box 5027
                      300 South Phillips Avenue, Suite 300
                      Sioux Falls, SD 57117-5027
                      Phone (605) 336-3890
                      Fax (605) 339-3357
                      Jordan.Feist@woodsfuller.com
                      Attorneys for Watertown Development Company

## CERTIFICATE OF SERVICE

The undersigned states that on the 30th day of December, 2025, I served a copy of the foregoing Objection to Disclosure Statement for First Amended Chapter 11 Plan of Reorganization of Parkside Place, LLC electronically upon all CM/ECF participations in this case, including upon the attorney for the Debtor and the U.S. Trustee.

                    /s/ Jordan J. Feist
                    Attorney for Watertown Development Company