IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| | ) | |

**MOTION TO CONTINUE HEARINGS ON
(I) SCHEDULING OF DISCLOSURE STATEMENT APPROVAL;
AND (II) MOTION TO EMPLOY CHIEF RESTRUCTURING OFFICER**

Comes now Generations on 1st, LLC and Parkside Place, LLC (the "Debtors"), by and through undersigned counsel, and pursuant to Local Rule 5071-1, and move to continue the hearings on (i) establishment of scheduling for approval of disclosure statements, DE #307, and (ii) the application to employ Michael Schmitz as chief restructuring officer, DE #301, with it being requested the hearings be continued by 90 minutes to 3:30 pm on Wednesday, February 11, 2026 (or, in the alternative, to any time on the following business day), and in support thereof state as follows:

Undersigned counsel represents the substantively consolidated estate of 41 entities in the business of operating (or, in one instance, having previously operated) Hallmark-branded stores, in a chapter 11 proceeding in the District of Columbia. *See In re Banners of Abingdon, et al.*, Case No. 25-378-ELG (Bankr. D.D.C. 2025). A hearing on approval of a disclosure statement has been set in that case for February 11, 2026 at 2:00 pm eastern time (1:00 pm central time). *Id.* at DE #161, a copy of which is attached hereto as Exhibit A. The hearing—alongside an ensuing

1

confirmation hearing three weeks later—is being held on shortened notice to ensure the debtor is able to emerge from chapter 11 before a post-petition debtor-in-financing loan (inclusive of a roll up of pre-petition secured obligations) matures, with the plan seeking to consensually modify the maturity date thereof. The case has approximately 285 creditors but, for reasons well beyond any pertinence to the instant motion, is without a creditors' committee.

It is not believed the disclosure statement hearing in the District of Columbia is likely to be significantly contested (though the deadline for objections is yet to pass and the United States Trustee may be inclined to raise certain issues concerning a few admittedly-unusual plan provisions). Nonetheless, by virtue of the sheer number of attorneys representing different creditors in light of the absence of a creditors' committee, "uncontested" hearings have a tendency to sometimes stretch longer than otherwise fathomable.

Insofar as the hearing in the District of Columbia was first scheduled, and is not of a variety that is readily movable, undersigned counsel has a conflict and cannot appear in both courts at the same time. However, if the hearings in this case were continued 90 minutes, to 3:30 pm central time, it is believed no such conflict would exist. Equally, if a time the following day is available, undersigned counsel's schedule is open on February 12, 2026.[1]

WHEREFORE, the Debtors respectfully pray this Honorable Court continue the hearings set for February 11, 2026, either (i) to 3:30 pm the same date; or (ii) to the following date, and for such other and further relief as may be just and proper.

*[Signature on Following Page]*

---

[1] The Debtors intend to docket competing plans and disclosure statements in this case, prior to the hearing on scheduling. This will be accomplished before February 11, 2026, regardless of the disposition of this motion. The continuance sought herein is *not* to procure added time to finalize these filings.

2

Respectfully Submitted,

Dated: February 8, 2026      By:      /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig