IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| | ) | |

**OPPOSITION TO MOTION FOR DERIVATIVE STANDING
TO PURSUE CLAIMS ON BEHALF OF THE ESTATE**

Come now Generations on 1st, LLC and Parkside Place, LLC (the "Debtors"), by and through undersigned counsel, in opposition to the motion for derivative standing (the "Motion"), DE #304, filed by Red River State Bank ("RRSB"), and in support thereof state as follows:

RRSB seeks derivative standing to pursue claims, on behalf of the Debtors' estates, against third parties, including—"without limitation," Motion, DE #304, at ¶ 4—eleven enumerated persons and entities. In support of such, the bank points to a letter, sent fully a year ago, *id.* at Exhibit A, in which such relief is requested. RRSB also points to a response, posted one week after receipt of the bank's letter, *id.* at Exhibit B, in which the Debtors posit that if evidence of wrongdoing is brought forth, such would "prompt a significant internal inquiry . . . and, to the extent necessary, appropriate remedial actions would be taken—whether through plan provisions, the employment of external professionals, or otherwise," *id.*

As RRSB and this Honorable Court are both aware, each of the Debtors has recently been placed under the helm of independent chief restructuring officers ("CRO")—something that may,

1

no doubt, be viewed as precisely the variety of "remedial action[]" promised by the Debtors. The two CROs, in turn, have been working diligently to assess case posture, to prepare for a judicial mediation, to gather facts, and to familiarize themselves with these matters. It had been hoped RRSB would be willing to wait until after mediation to tackle a topic as loaded as derivative standing and, equally, that RRSB would be willing to wait until the CROs have further surveyed relevant facts to assess whether the CROs (i) wish to pursue such claims themselves; (ii) believe RRSB should pursue the claims derivatively; (iii) believe pursuit of the claims should be contemplated post-confirmation; (iv) believe the claims ought not be pursued; or (v) assume some alternative posture. In addition, if the forthcoming mediation is ultimately successful, then the matter of derivative standing will not need to be litigated—it will either be unnecessary or it will be consensual.

Unfortunately, RRSB is apparently unwilling to afford the CROs time to study these claims and, to the contrary, is insisting on pursuing the Motion now. That RRSB is doing so after having *already* filed the litigation it seeks leave to file, DE #292—an act that seemingly commandeers assets of the Debtors' estate, in violation of the automatic stay, 11 U.S.C. § 362(a)(3)—is all the more concerning.

Yet RRSB's persistence is also legally problematic insofar as, per the Motion's own acknowledgement, derivative standing is only to be afforded where "the trustee unjustifiably refused to pursue the claims." Motion, DE #304, at ¶ 14 (quoting *PW Enters., Inc. v. N.D. Racing Comm'n (In re Racing Services, Inc.)*, 540 F.3d 892, 900 (8th Cir. 2008)).

Here, the Debtors—as helmed by their new CROs—have most certainly *not* "unjustifiably refused to pursue the claims." To the contrary, the Debtors have each been gathering information—

2

including through direct dialogue with the bank and its counsel—about the claims and assessing whether or not the same ought to be pursued.

It is unfortunate RRSB waited more than a year to docket the Motion and then seemingly only did so when the Debtors sought to engage the services of one or more CROs. It is even more unfortunate RRSB now looks to be seeking to exploit the transition period occasioned by such appointments. But those efforts ought not be rewarded by permitting a party in interest—with its own unique set of motivations and potential liabilities—to pursue claims the Debtors, under their present management, have not affirmatively indicated a lack of intent to pursue themselves.

WHEREFORE, the Debtors respectfully pray this Honorable Court deny the Motion without prejudice, and for such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: March 13, 2026        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3