IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| | ) | |

**MOTION TO EXTEND DEADLINE TO
OBJECT TO DISCLOSURE STATEMENTS**

Come now Generations on 1st, LLC and Parkside Place, LLC (the "Debtors"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9006(b), and move to extend the deadline to object to approval of the disclosure statements (the "Disclosure Statements"), DE #303, #306, filed by Red River State Bank ("RRSB"), and in support thereof state as follows:

The Debtors are presently endeavoring to persuade RRSB to agree to a stay of various proceedings pending judicial mediation, which is expected to occur on May 11 or 12, 2026 in Minneapolis, Minnesota. Without delving into confidential settlement discussions (even those of a purely procedural nature), as of the filing of this motion, there does *not* exist an agreement to stay proceedings, nor may the Debtors faithfully report RRSB has affirmatively committed to a stay or even affirmatively expressed interest in a stay, though RRSB is actively seeking to mediate (as are the Debtors). And there is thusly an awkward dynamic instantly afoot, whereby the Debtors—whose respective chief restructuring officers ("CROs") are working feverishly to come

1

up to speed and to prepare for mediation—find themselves in the potential situation of needing to engage a contested disclosure statement hearing (something RRSB has, in a separate-but-related case, treated as a full-blown evidentiary event), well before mediation may be entertained. These concerns are punctuated by the fact RRSB has now objected to both debtors' disclosure statements, DE #338-39, with briefs of 17 pages each.

Accordingly, the Debtors instantly ask for a six-day extension of time—to and through March 23, 2026—to object to RRSB's Disclosure Statements, and submit such to be appropriate for three reasons:

*First*, the Debtors plan to use the time to seek a continuance of the underlying disclosure statement approval hearing to a date past the mediation date, so as to preserve judicial and economic resources, to allow all parties to be focused on mediation, to permit the CROs to continue to gather information, and to avoid the counterproductive prosper of an acrimonious, evidentiary hearing preceding mediation.

*Second*, the CROs are still reviewing items. While undersigned counsel *can* file an objection to the Disclosure Statements, on purely legal grounds, there is an abiding desire to see any objection(s) be rooted in substance *and* law. By way of anecdote, and without limitation, it is believed there will be a meaningful opportunity for the CROs to weigh in on issues of litigation management and plan feasibility, if afforded some additional time (though, equally, it is recognized that a six-day extension may be scantly sufficient time).

*Third*, even if an April 2, 2026 hearing date remains (and no continuance thereof is granted), it is believed a May 23, 2026 objection filing date would leave all parties in interest sufficient time to assess the scope of any objections lodged, to amass witness and exhibit lists (if RRSB again believes a disclosure statement hearing ought to be evidentiary), and to fully prepare

for the hearing. Or, stated more simply, the extension requested will not result in any prejudice to any party in interest, but will allow the two Debtors, working with their CROs, precious added time to assess and craft any grounds of objection to be docketed.

Finally, a macroscopic observation: RRSB has attacked the Debtors—*ad nausea*—for an expansive period of time, has urged the Debtors are not independently operated, and has urged the Debtors be further investigated. The Debtors have heard these concerns and agreed to be helmed by two fully independent CROs whose charges include investigating insider transactions and, if need be, bringing correlative litigation. One of the CROs was appointed at the recommendation of RRSB's counsel. Yet the bank has responded by pursuing a motion for derivative standing, showing every aspiration of pushing through a creditor plan before the CROs can come fully up to speed, creating other procedural roadblocks, and endeavoring to pursue a timeline that will render mediation little more than a fanciful formality that will occur after these case-determinative events occur.

If this is the path RRSB wishes to travel, such is every bit the bank's prerogative. The Debtors think such unfortunate. And the Debtors wish the bank was willing to pursue a more procedurally amicable and less costly course prior to mediation. But, if procedural amicability is not to be, the Debtors do think an extra six days of time are assuredly a minor ask in the prism of cases that are now pushing into their 14th months.

WHEREFORE, the Debtors respectfully pray this Honorable Court extend, to and through March 23, 2026, the deadline for the Debtors to object to the Disclosure Statements, and for such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: March 15, 2026 | By: /s/ Maurice B. VerStandig |
|  | Maurice B. VerStandig, Esq. |
|  | The Dakota Bankruptcy Firm |
|  | 1630 1st Avenue N |
|  | Suite B PMB 24 |
|  | Fargo, North Dakota 58102-4246 |
|  | Phone: (701) 394-3215 |
|  | mac@dakotabankruptcy.com |
|  | *Counsel for the Debtors* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig