**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

| | |
|---|---|
| **Generations on 1st LLC,** | **Bankr. No. 25-30002** |
| **Debtor, Jointly Administered** | **Chapter 11** |

| | |
|---|---|
| **Parkside Place LLC,** | **Bankr. No. 25-30003** |
| **Debtor, Jointly Administered** | **Chapter 11** |

**OBJECTION TO DISCLOSURE STATEMENT OF PARKSIDE PLACE LLC**

The United States Trustee (UST) objects to the Disclosure Statement (DS) for Second Amended Chapter 11 Plan of Reorganization of Parkside Place, LLC (Doc. 313). In support of her objection, she states the following:

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept the plan. *In re Monnier Bros.,* 755 F.2d 1336, 1342 (8th Cir. 1985).

Section 1125(b) provides that a written disclosure statement must contain adequate information. 11 U.S.C. § 1125(b). "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor=s books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan; and need not include such information about any other possible or proposed plan;

11 U.S.C. § 1125(a)(1).

1

Section 1125(a)(1) leaves the bankruptcy court with wide discretion to determine whether a disclosure statement complies with the adequate information requirement. *In re Dakota Rail, Inc.,* 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (citing *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1157 (5th Cir.), *cert. denied,* __ U.S. __, 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988)).   Case law has identified the following non-exhaustive list of the types of factors to be included in a disclosure statement:

1. the events which led to the filing of a bankruptcy petition;

2. the description of the available assets and their value;

3. the anticipated future of the company;

4. the source of information stated in the disclosure statement;

5. a disclaimer;

6. the present condition of the debtor while in chapter 11;

7. the scheduled claims;

8. the estimated return to creditors under a chapter 7 liquidation;

9. the accounting method utilized to produce financial information and the name of the accountants responsible for such information;

10. the future management of the debtor;

11. the chapter 11 plan or a summary thereof;

12. the estimated administrative expenses, including attorneys' and accountants' fees;

13. the collectability of accounts receivable;

14. the financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

15. information relevant to the risk posed to creditors under the plan;

2

16. the actual or projected realizable value from recovery of preferrential or otherwise voidable transfers;

17. litigation likely to arise in a non-bankruptcy context;

18. tax attributes of the debtor; and

19. the relationship of the debtor with affiliates.

*In re Dakota Rail.* 104 B.R. at 142-43; LAWRENCE P. KING, 7 COLLIER ON BANKRUPTCY & 1125.02[2], at 1125-10 (15th ed. 1997);  *see also In re Haukos Farms, Inc.,* 68 B.R. 428 (Bankr. D. Minn. 1986).

## OBJECTION

1.      The DS and Plan lack sufficient detail to adequately inform the voters of terms and feasibility of the Plan.

2.      The DS, Section VI (DS) and Art. 2.2 (Plan):  U.S. Trustee Fees.  The Disclosure Statement or Plan should add that the Debtor will continue to provide all reports required by the U.S. Trustee until the case is closed.   The U.S. Trustee suggests the following language:   " The Debtor will continue to file periodic reports in the format prescribed by the U.S. Trustee until the case is dismissed, converted or closed."

3.      The DS and Plan fail to set forth adequate details of how the unsecured classes will be paid.   The treatments of Classes 4-7 provide for pro rata payments over five years.  Article 4.8 of the Plan provides that the payments will be quarterly "with the Debtor free to make such payment sin irregular sums, in the business judgment of the CRO…..".   Article 4.8 suggests that Classes 4-7 are getting payments at the  discretion of Debtor/CRO and could get nothing. Section 4.9 also provides that no distributions will be made until distributions reach $100.  For several small unsecured claims, it could be years before those claims' pro rata share even meets $100.   The Debtor should disclose

these facts under the Classes 4-7 treatment in the DS (Section IV) and Plan (Article III), rather than burying these facts deeper into the documents.

4.      The breakdown of creditors and classes exhibit to the Plan lists several unsecured creditors with claims of less than $5,000.  The UST recommends that those claims be paid in full upfront through a convenience class.

5.      The historical information set forth at Section V of the DS, should be in the same detail as the projections.   Section V only lists receipts and disbursements.  It is impossible for parties to make a meaningful comparison to the projections for feasibility purposes without similar detail.

6.      The projections attached to the Plan (Doc. 313) are identified as "Generations on 1st" and only go to June of an unidentified year.    The projections should relate to Parkside, continue through the length of payments to unsecured creditors, and identify plan payments.

7.      The DS (Section VII) should disclose the fee payable to the management company.

WHEREFORE,  Counsel requests that the Disclosure Statement not be approved until her objections are addressed.

Dated: March 17, 2026                        MARY R. JENSEN
                                             ACTING U.S. TRUSTEE REGION 12

                                              /s/ Sarah J. Wencil
                                             Sarah J. Wencil
                                             Office of the U.S. Trustee
                                             Suite 1015 U.S. Courthouse
                                             300 South Fourth St.
                                             Minneapolis, MN 55415
                                             Telephone: (612) 334-1366
                                             Sarah.J.Wencil@usdoj.gov

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

**In re:**

| | |
|---|---|
| **Generations on 1st LLC,** | **Bankr. No. 25-30002** |
| **Debtor, Jointly Administered** | **Chapter 11** |

| | |
|---|---|
| **Parkside Place LLC,** | **Bankr. No. 25-30003** |
| **Debtor, Jointly Administered** | **Chapter 11** |

**CERTIFICATE OF SERVICE**

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies the filing of this document caused service via CM/ECF upon all CM/ECF recipients.

Dated:   March 17, 2026

/s/ Sarah J. Wencil
Sarah J. Wencil

5