IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| | ) | |

**STIPULATION REGARDING (I) DERIVATIVE STANDING; (II) CONTINUANCE
OF HEARINGS; (III) CASH COLLATERAL; AND (IV) RELATED MATTERS**

Come now Generations on 1st, LLC ("Generations" or the "Debtor") and Red River State Bank ("RRSB" or the "Bank"), by and through respective undersigned counsel, and do stipulate as follows:

WHEREAS, RRSB has filed a motion for derivative standing (the "Derivative Standing Motion"), DE #304, in which the Bank seeks leave to pursue various causes of action against insiders of Generations, on behalf of—and in the name of—the chapter 11 bankruptcy estate of Generations;

WHEREAS, Generations has opposed the Derivative Standing Motion, DE #340;

WHEREAS, RRSB has filed a plan of liquidation (the "RRSB Generations Plan"), DE #302, alongside a proposed disclosure statement for the RRSB Generations Plan (the "RRSB Generations Disclosure Statement"), DE #303;

1

WHEREAS, Generations has filed a plan of reorganization (the "Generations Plan"), DE #314, alongside a proposed disclosure statement for the Generations Plan (the "Generations Disclosure Statement"), DE #315;

WHEREAS, RRSB and Generations have stipulated to the use of cash collateral (the "Cash Collateral Stipulation"), DE #295, to and through March 27, 2026, with said stipulation being approved by this Honorable Court, DE #297;

WHEREAS, a mediation is expected to occur in the Generations bankruptcy case on May 11 or 12, 2026; and

WHEREAS, RRSB and the Debtor do now wish to agree to certain substantive and procedural accommodations aimed at allowing for the efficient administration of this case,

IT IS NOW, THEREFORE, AGREED AND STIPULATED BY RRSB AND GENERATIONS AS FOLLOWS:

1. Generations does withdraw its opposition to the Derivative Standing Motion, with RRSB to be permitted derivative standing to pursue claims, on behalf of—and in the name of— the estate of Generations, against any insiders of the Debtor (as the term "insiders" is defined in section 101(31) of title 11 of the United States Code, including as such definition has been expounded upon by governing precedent), *provided, however*, that RRSB shall not commence any new, previously-unfiled litigation, premised upon such derivative standing, until such a time as a mediation of this bankruptcy case has occurred (without prejudice to the rights of RRSB to continue to prosecute any already-filed actions in the interim).

2. Generations shall be permitted ongoing use of cash collateral, on terms substantively identical to those set forth in the Cash Collateral Stipulation, to and through May 18, 2026, *except* (i) Generations shall *not* make the additional payment called for in Section 5(iv) of

the Cash Collateral Stipulation; and (ii) Generations shall be afforded during the duration of the 11th Cash Collateral Stipulation an additional allowance, of $10,000.00, to be applied exclusively toward fees incurred by Generations' chief restructuring officer..

3.       Generations and RRSB jointly ask this Honorable Court to *not* conduct a hearing on approval or disapproval of the RRSB Generations Disclosure Statement or the Generations Disclosure Statement until a date approximately four weeks *after* the currently-scheduled hearing date of April 2, 2026.

4.       At least one week prior to the continued hearing on approval or disapproval of the RRSB Generations Disclosure Statement and the Generations Disclosure Statement, Generations, through its chief restructuring officer, shall furnish to RRSB a basic feasibility analysis concerning the Generations Plan, with said analysis to be premised upon (i) historic rents and revenues, as evidenced by monthly operating reports; (ii) historic expenses, as evidenced by monthly operating reports; (iii) assessment of the fair market rates to be charged for management services; (iv) consideration of an appropriate capital reserve, *vel non*; and (v) such other factors as the chief restructuring officer may deem relevant.

5.       None of the provisions of this stipulation shall become effective or binding unless or until this stipulation is approved by the United States Bankruptcy Court for the District of North Dakota.

6.       Nothing in this stipulation shall impact the rights or obligations of Parkside Place, LLC, which is expressly *not* a party to this stipulation.

*[Continued on Following Page]*

3

IN WITNESS WHEREOF, the parties have executed this stipulation on the dates indicated below.

Dated:  March 23, 2026

**VOGEL LAW FIRM**

/s/ Drew J. Hushka (signed w/ express permission)

BY:   Drew J. Hushka (#08230)
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone: 701.237.6983
*Attorneys for Red River State Bank*

Dated:  March 23, 2026

**THE DAKOTA BANKRUPTCY FIRM**

/s/ Maurice B. VerStandig

BY:   Maurice B. VerStandig, Esq.
1630 1st Ave N
Suite B PMB 24
Fargo, ND  58102-4246
Phone:  701.394.3215
mac@dakotabankruptcy.com
*Counsel for Generations on 1st, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4