**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| In Re: | Case No.:  25-30002 |
|---|---|
| Generations on 1st LLC, | Chapter 11 |
| Debtor. | |
| In Re: | Case No. 25-30003 |
| Parkside Place LLC, | Chapter 11 |
| Debtor. | (Jointly Administered) |

<u>MOTION TO AMEND ORDER</u>

Red River State Bank (the "<u>Bank</u>") hereby moves this Court to amend the order entered on March 24, 2026 [ECF 354] (the "<u>Order</u>") pursuant to Federal Rule of Civil Procedure 60(a), which is made applicable to the above-captioned proceedings by Federal Rule of Bankruptcy Procedure 9024. The Order continued several matters that were originally set for hearing on April 2, 2026 until May 6, 2026. For reasons explained hereinafter, some of the continued matters still require a hearing on April 2, 2026 because they were not resolved by the Generations Stipulation (defined below).

On March 23, 2026, Debtor Generations on 1st LLC ("<u>Generations</u>") and the Bank filed a stipulation that resolved or continued the following matters [ECF 351] (the "<u>Generations Stipulation</u>"):

- Debtor's Sixth Motion for Use of Cash Collateral [ECF 277] (the "Cash Collateral Motion") with respect to Generations only.

- Generations and the Secured Creditor stipulated to continue the April 2, 2026 hearings for approval of the Bank's Disclosure Statement [ECF 306] and the Debtor's Disclosure Statement [ECF 315] in the Generations case only.

- The Generations Stipulation also resolved the Motion for Derivative Standing [ECF 304] with respect to insider claims owned by the Generations estate only.

The Order thus correctly continued or cancelled the several hearings that applied to the Generations case, i.e. ECF 304, 306, and 315. But the Generations Stipulation did not resolve, nor is there presently an agreement to continue the following matters (the "Parkside Matters") in the case of Debtor Parkside Place LLC ("Parkside"):

- Under the current cash collateral stipulation and order [ECF 295, 297], Parkside is not entitled to use cash collateral, and the Bank does not have assurances of adequate protection, after March 27, 2026. The Sixth Motion for Use of Cash Collateral was not fully resolved by the Generations Stipulation, and it is thus still pending with respect to Parkside. [ECF 277]

- There is no agreement about whether or how long to continue the Motions for approval of the Bank's Disclosure Statement [ECF 306] or the Debtor's Disclosure Statement [ECF 313] in the Parkside case. As reflected in the docket, the termination of exclusivity and the Bank's right to file a competing plan after November 26, 2025 was heavily negotiated in this case. To further delay the April 2, 2026 hearing on the Bank's Disclosure Statement [ECF 306] without the Bank's consent would effectively revise the parties' prior bargain in the Parkside case.

The Bank respectfully requests that the Court amend the Order, as permitted by FRCP 60(a) and FRBP 9024 to clarify that the Parkside Matters are still set for hearing on April 2, 2026 because they were expressly excluded from the resolution set forth in the Generations Stipulation.  Although the parties are hopefully that mediation will help to narrow several "big issues" in the case, there is an immediate short-term need to clarify the status of cash collateral and adequate protection after March 27, 2026 in the Parkside case.  Additionally, the existence of an upcoming hearing date will keep the parties actively focused and engaged in discussions related to plan terms in the Parkside case.

Dated:  March 25, 2026

**VOGEL LAW FIRM**

*/s/ Kesha L. Tanabe*

BY:   Caren W. Stanley (#06100)
cstanley@vogellaw.com
Drew J. Hushka (#08230)
dhushka@vogellaw.com
Kesha L. Tanabe
ktanabe@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone: 701.237.6983
*Attorneys for Red River State Bank*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 25th day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system .

*/s/ Kesha L. Tanabe*
Kesha L. Tanaba