IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| _____ | ) | |

**FIRST INTERIM APPLICATION OF THE DAKOTA BANKRUPTCY FIRM
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC d/b/a The Dakota Bankruptcy Firm (collectively, "DBF"), counsel to Parkside Place, LLC ("Parkside" or the "Debtor"), pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for allowance of interim compensation of $29,456.67 in attorneys' fees and $203.80 in expenses, for a total of $29,660.47 in interim allowed compensation and reimbursements, to be paid (i) first, from $9,778.67 in funds VLF is holding in trust for the Debtor and, (ii) second, in the form of an allowed administrative expense claim in the sum of $19,881.80, and in support thereof state as follows:

I.      **Introduction**

While this case has not yet seen a plan of reorganization confirmed, the duration of the proceeding—coupled with the helpfulness of assessing a baseline figure for the payment of professional fees under such a plan—militates in favor of seeking interim compensation. For nearly a year and a half, DBF has represented the Debtor through this oft-tumultuous case. The

1

representation has spanned everything from first day hearings, through the docketing of an adversary proceeding, through the drafting of multiple plan and disclosure statement iterations, through the appointment of a chief restructuring officer ("CRO"), through mediation, and beyond. And, as the plan confirmation process hits high gear, DBF accordingly now seeks an interim compensation award for the aforesaid services, as extrapolated upon *infra*.

## II.  Recitations Pursuant to Applicable Law

1.  The services for which compensation is herein sought were performed between January 6, 2025 and May 16, 2026 (though being filed slightly over two weeks later, this application does *not* include time expended after May 16, 2026). Maurice VerStandig and Christianna Cathcart performed all billable work.

2.  No interim applications for compensation have been previously filed by DBF in this case.

3.  Complete time records for attorney work are appended hereto as Exhibits A, B and C. These records are comprised of three sub-parts: Exhibit A, which is pure time and expense records for this case; Exhibit B, which is blended time and expense records for work common to this case, the matter of *In re Generations on 1st, LLC*, and the matter of *In re The Ruins, LLC*, from January 6, 2025 through December 31, 2025 (when the latter case converted to chapter 7); and Exhibit C, which is blended time and expense records for work common to this case and the *Generations* matter, from January 1, 2026 through May 16, 2026. In computing fees and expenses, DBF counts (i) 100% of those attributable to this case; (ii) 1/3 of those attributable to the blended matter that ran for three cases, through the close of 2025; and (iii) 1/2 of those attributable to the blended matter that has run from January 1, 2026 forward.

2

4.      Records of expenses incurred are included in the time records appended hereto as Exhibits A, B and C.

5.      The compensation sought hereunder, if approved, will be paid (i) first from a retainer in the sum of $9,778.67 being held in trust, and (ii) second, through an allowed administrative expense claim.

6.      There is no agreement for DBF to share compensation with any third party.

## III.    Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded—and compensation requested—for each such project category is as follows, with the sums being inclusive of expense reimbursements sought in connection with each such project category:[1]

    a.  Case Administration – 86.13 Hours – $25,136.67

    b.  Plan and Disclosure Statement – 10.75 Hours – $4,260.00

    c.  Fee and Employment Applications – 0.3 Hours - $60.00

    d.  Adversary Litigation – 31.72 Hours - $9,476.67

    e.  Expenses – $203.80

## IV.    Hourly Rate

Time has been billed in this case at the rate of $400.00 per hour for partner time and $200.00 per hour for associate time, with this application reflecting a blended rate of $303.11 per hour. These are the rates DBF often—albeit not always—charged to chapter 11 debtors in North Dakota at the time this case was filed, being premised upon (i) the rate normally charged by DBF's

---

[1] Insofar as certain time records are split between multiple cases, calculations of hours do not always fall into clean "tenth-of-an-hour" increments, and fees are in similarly uneven increments.

principal to debtors in other districts (typically between $450.00 and $600.00 per hour); (ii) the prevailing rates charged by other attorneys in this district (which, rather properly, tend to be lower than those assessed in other districts where DBF's principal frequently practices); (iii) the experience of DBF's attorneys; and (iv) a generalized economic observation of the rates that the North Dakota market seems most inclined to support. DBF has since raised its rates in North Dakota (and elsewhere) but elects to not seek compensation, premised upon such increased rates, in connection with this case at the present time (such increased compensation may be sought for later-performed work in a subsequent fee application).

### V.     Discounts

In its discretion, DBF has declined to bill for certain activities—including myriad phone calls and e-mails—so as to ensure the fees sought herein remain reasonable in nature.

### VI.     Travel Time and Expenses

DBF does not seek compensation for time spent traveling to and from North Dakota, nor reimbursement for the expenses incurred in connection with such travel. As such, while there has been travel occasioned by this case, the time records appended hereto are notably devoid of any time entries for travel and any expense entries for airfare/lodging/rental cars.

To the extent compensable work was undertaken while traveling (i.e., preparing for a hearing while on an airplane), however, such is included in the services for which compensation is sought.

### VII.     Description of Services Rendered

The time records appended hereto as Exhibits A, B and C contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services

are also well reflected on the docket of these cases, in the form of briefs and other papers. By way of a generalized description, however, DBF notes that services included the following:

      a.      Advising the Debtor in connection with case-centric matters;

      b.      Filing and pursuing an adversary proceeding;

      c.      Crafting a plan of reorganization and disclosure statement, as well as myriad amendments thereto;

      d.      Negotiating with secured creditors;

      e.      Advising the Debtor in connection with the location and engagement of a CRO;

      f.      Managing case-centric obligations through the duration of this case to-date.

## VIII.  Conclusion

WHEREFORE, Maurice Belmont VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court (i) approve and ratify, on an interim basis, fees in the sum of $35,016.67; (ii) approve and ratify, on an interim basis, expenses in the sum of $304.05; (iii) permit DBF to draw $9,278.67, from the funds being held as a retainer, in trust, toward payment of the foregoing fees and expenses; (iv) award DBF an administrative claim of $26,042.05; and (v) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: May 31, 2026                    By:     /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig, Esq.
                                                The Dakota Bankruptcy Firm
                                                1630 1st Avenue N
                                                Suite B PMB 24
                                                Fargo, North Dakota 58102-4246
                                                Phone: (701) 394-3215
                                                mac@dakotabankruptcy.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit D (but not of this application or the other exhibits) is being sent, on the 1st day of June, 2026, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit E, *except* no copy will be mailed to (i) this Honorable Court; (ii) The Dakota Bankruptcy Firm; or (iii) the attorneys affiliated with The Dakota Bankruptcy Firm.

                                                /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig

6