IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| _____ | ) | |

**FIRST INTERIM APPLICATION OF MICHAEL SCHMITZ FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Comes now Generations on 1st, LLC ("Generations" or the "Debtor"), by and through undersigned counsel, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for allowance of interim compensation of $15,430.00 in chief restructuring officer fees, and in support thereof states as follows:

**I.      Introduction**

At an hour when the direction of this case was shrouded in uncertainty, Mr. Schmitz was asked—and agreed—to step in and assume the helm of Generations as its chief restructuring officer ("CRO"). In the ensuing months, he has worked—with a blend of devotion and frugal efficiency—to come up to speed on a relatively elaborate saga, to take charge of the Debtor's operations, to assess the value of the Debtor's eponymous apartment building asset, to listen to various stakeholders, to negotiate with a secured creditor, and to work to form a joint plan of reorganization.

1

For these efforts, Mr. Schmitz now seeks an allowance of interim compensation. This case is not yet complete (though a hearing on plan confirmation sits in the not-too-distant future), but sufficient services have been rendered to-date to merit the payment of interim fees, as contemplated by controlling law.

## II.      Recitations Pursuant to Applicable Law

1.      The services for which compensation is herein sought were performed between March 11, 2026 and May 29, 2026. Mr. Schmitz performed all such services.

2.      No interim applications for compensation have been previously filed by the Debtor, for Mr. Schmitz' services, in this case. An interim application for the services of counsel is presently pending.

3.      Complete time records for work are appended hereto as Exhibits A, B, C and D. While each exhibit contains a global description of services rendered, specific time records are found on the second page of each document, with time being recorded in tenth-of-an-hour increments.

4.      The compensation sought hereunder, if approved, will be paid from the Debtor's cash on hand, in accord with allowances set forth in previously-approved cash collateral budgets.

5.      Mr. Schmitz is affiliated with Point CPA, which is the entity that will collect fees. Undersigned counsel has not inquired as to any arrangement governing the split, *vel non*, of fees between Mr. Schmitz and his firm.

## III.     Hourly Rate

Mr. Schmitz has applied an hourly rate of just under $450.00 per hour, which is well lower than the rate charged by myriad persons serving similar CRO roles in bankruptcy cases across the

2

country and in this Honorable Court. He has also—consistent with his reputation—been judicious in his use of time, leading to lower-than-budgeted fees for his services to date.

It is respectfully submitted this rate is more-than-appropriate for a professional fiduciary. Such is all the truer given Mr. Schmitz' trusted role in the North Dakota civic landscape.

## IV.    Description of Services Rendered

The time records appended hereto as Exhibits A, B, C and contain a thorough description of all services rendered for which compensation is instantly sought. By way of a generalized description, however, Mr. Schmitz' efforts include the following:

a.    Familiarizing himself with the Debtor's operations;

b.    Assessing ongoing litigation and threatened litigation;

c.    Reviewing operating reports and other financial data points

d.    Working to form an income-based appraisal for the Debtor's asset;

e.    Negotiating with Red River State Bank;

f.    Preparing for and participating (remotely) in mediation;

g.    Conferring with general reorganization counsel and offering authority for various actions; and

h.    Reviewing proposals from other parties in interest.

## V.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) approve and ratify, on an interim basis, CRO fees in the sum of $15,430.00; (ii) permit payment of such fees from the Debtor's cash-on-hand, as contemplated by previously-approved cash collateral budgets; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

3

Respectfully submitted,

Dated: June 28, 2026  By:  /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of June, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit E (but not of this application or the other exhibits) is being sent, on the 29th day of June, 2026, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit F, *except* no copy will be mailed to (i) this Honorable Court; (ii) The Dakota Bankruptcy Firm; or (iii) the attorneys affiliated with The Dakota Bankruptcy Firm.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4