UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| In re:<br><br>Generation on 1st LLC,<br><br>        Debtor. | Bankruptcy Case No.:  25-30002<br><br>Chapter 11 |
| --- | --- |

**NOTICE OF SUBPOENA ON VKB PROPERTIES, LLC**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45(a)(4), Interested Party Jesse Craig is serving the attached subpoena upon VKB Properties, LLC requesting document production by June 24, 2026, to the offices of Conmy Feste, Ltd., 3369 45th Street South, Fargo, North Dakota 58104 or by email at dmurch@conmylaw.com.

Dated this 16th day of June, 2026.

/s/ Douglas W. Murch
Douglas W. Murch (ND ID# 05983)
Conmy Feste Ltd.
3369 45th Street South
Fargo, ND  58104
701-353-0454
dmurch@conmylaw.com

ATTORNEY FOR JESSE CRAIG

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Generation on 1st LLC,<br><br>Debtor. | Bankruptcy Case No.:  25-30002<br><br>Chapter 11 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee at the law firm of Conmy Feste

Ltd., and is a person of such age and discretion as to be competent to serve papers.

That on June 16th, 2026, she served a copy of:

1.      **Notice of Subpoena on VKB Properties, LLC; and**
2.      **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)**

by United States mail and electronic mail upon the following parties:

Kesha Tanabe
Caren Stanley
Drew Huska
Vogel Law Firm
P.O. Box 1389
Fargo, ND 58107-1389
Email:  ktanabe@vogellaw.com
Email: cstanley@vogellaw.com
Email: dhushka@VogelLaw.com

Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N, Suite B PMB 24
Fargo, North Dakota 58102-4246
Email:  mac@dakotabankruptcy.com

Mary R. Jensen
Acting U.S. Trustee Region 12
Attn:  Sarah J. Wencil
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth St.
Minneapolis, MN 55415
Email:  Sarah.J.Wencil@usdoj.gov

Woods, Fuller, Shultz & Smith P.C.
Jordan J. Feist
P.O. Box 5027
Sioux Falls, SD 57117-5027
Email:  Jordan.Feist@woodsfuller.com

*/s/ Leslyn Anderson*
Leslyn Anderson

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of North Dakota

In re GENERATIONS ON 1ST, LLC

Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

Case No. 25-30002

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: VKB PROPERTIES, LLC

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule of Documents to be Produced.

| PLACE Conmy Feste Ltd. 3369 45th St. S Fargo, ND 58104 dmurch@conmylaw.com | DATE AND TIME June 24, 2026 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 16, 2026

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Douglas Murch*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jesse Craig , who issues or requests this subpoena, are:

Douglas Murch, Conmy Feste Ltd., 3369 45th St. S, Fargo, ND 58104, dmurch@conmylaw.com, 701-293-9911

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### SCHEDULE OF DOCUMENTS TO BE PRODUCED

### <u>DEFINITIONS</u>

For the purpose of this Schedule of Documents to be Produced pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, and with respect to each document requested:

(a)    *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents or information which may otherwise be construed to be outside of its scope.

(b)    As used herein, *"communication"* means or refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, text messages, direct messages, private social media messages, computer generated or digital messages of any kind, notes, telegrams, advertisements or other forms of verbal communication, whether oral, written or digital.

(c)    The term *"document"* or any similar term, is used in its broadest possible sense and shall include, but not be limited to, the following:  any written, printed, digital, typed or other graphic matter of any kind or nature; all mechanical, magnetic or electrical sound records, or transcripts thereof; and retrievable data, information, or statistics contained on any memory device or other information retrieval system (whether recorded, taped or coded, electrostatically, electro-magnetically or otherwise); and also without limitation, files, agreements, correspondence, letters, emails, text messages, private social media messages, computer generated messages of any kind, telegrams, reports, charts, diagrams, graphs, reproductions, films, proposals, working papers, notes, notebooks, ledgers, diaries, journals or other books of accounts, photocopies, memoranda, interoffice communications, minutes, minutes of meetings, instructions, records, telephone call

slips, transcripts or any other reconstructions of telephone conversations, facsimile transmissions, financial statements, financial records, financial memoranda, purchase orders, bills of sale, invoices, receipts, notes, summaries, checks, compilations, and worksheets in your possession, custody, or control wherever located.  The term *"document"* or any other similar term shall also mean all copies of documents, by whatever means made, including, but not limited to, digital, carbon, handwritten, typewritten, microfilmed, photostatic or xerographic copies, facsimile transmissions and all non-identical copies, whether different from the original because of any alternations, notes, comments or other materials contained thereon or attached thereto, or otherwise.  The term *"document"* or any other similar term, shall also include any attachment thereto or enclosure therewith.  The term *"document"* or any other similar term shall also include any and all digital or data compilations from which information can be obtained.

(d)    All references to *"Generations"* shall mean Generations on 1st, LLC, a South Dakota limited liability company, the debtor entity that filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for North Dakota on January 6, 2025, Case No. 25-30002.

(e)    All references to *"RRSB"* shall mean Red River State Bank, a state bank chartered in the State of Minnesota, and any person or entity affiliated with, employed by, or serving as an agent for Red River State Bank, including but not limited to Randy Aarestad, Danielle Harless, and Charles Aarestad.

(f)    All references to *"Vogel"* shall mean Vogel Law Firm, Ltd., a North Dakota professional corporation, and any person or entity affiliated with, employed by, or serving as an agent for Vogel Law Firm, Ltd., including but not limited to Kesha Tanabe, Caren Stanley, and Drew Hushka.

2

(g)     All references to *"DBF"* shall mean The VerStandig Law Firm, LLC d/b/a The Dakota Bankruptcy Firm and any person or entity affiliated with, employed by, or serving as an agent for The VerStandig Law Firm, LLC d/b/a The Dakota Bankruptcy Firm, including but not limited to Maurice B. VerStandig and Christianna A. Cathcart.

(h)     All references to *"Schmitz"* shall mean Michael Schmitz, the court-appointed Chief Restructuring Officer for Generations on 1st, LLC, and any person or entity affiliated with, employed by, or serving as an agent for Michael Schmitz.

(i)     All references to *"Realtor"* shall mean Hilco Real Estate, LLC and Sioux Falls Commercial, Inc. dba NAI Sioux Falls and any person or entity affiliated with, employed by, or serving as an agent for Hilco Real Estate, LLC or Sioux Falls Commercial, Inc. dba NAI Sioux Falls.

(j)     All references to *"Property"* shall mean that certain parcel of real property, and those various improvements thereupon, commonly known as 26 1st Ave SW, Watertown, South Dakota 57201.

(k)     *"Related to"* or *"relating to"* and their derivatives shall mean, in addition to their usual and customary meaning, having any relationship or connection to, concerning, being connected to, commenting on, responding to, referring to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

(l)     The term *"you"* and *"your"* shall mean the entity to which the foregoing subpoena is directed.

3

## INSTRUCTIONS

1.    In responding to these Document Requests, please furnish such documents as are available to you, not merely such documents in your possession.   Thus, you must furnish documents in the possession of your employees, your agents, including your attorneys, or any agent or investigator for you or your attorneys, unless privileged, and any information contained in any records, documents, writings, recordings, tapes, computers, or computer discs or other documents or items of whatever sort under your possession or control, or under the possession or control of any such agent, employee, or attorney.

2.    If you cannot respond to a Document Request fully after exercising due diligence to make inquiry and secure information to do so, please so state and answer each such Document Request to the extent deemed possible, specifying that portion of each such Document Request you are unable to answer fully and completely, and further specifying those facts upon which you rely to support your contention that you are unable to answer fully and completely.   In addition, specify what knowledge, information, or belief you have concerning the unanswered portion of any such Document Request, and describe fully and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make inquiry and to secure the information necessary to answer such portions of any such Document Request.

3.    If any document the production of which is called for by these Document Requests was, but is no longer in your possession or subject to your control, or in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of.   In each instance, explain the circumstances surrounding and authorization for disposition, and state the date or approximate date for such disposition.

4.      You shall promptly deliver to Douglas W. Murch, attorney for Jesse Craig, an index of any documents that you decline to produce or make available because of a claim of privilege. Such index shall include, for each document not produced or made available, the following information:

(a)      the subject matter (*e.g.,* letter, memorandum);

(b)      the date;

(c)      the author;

(d)      all persons who received the document;

(e)      all persons to whom the contents have been disclosed, orally or in writing;

(f)      the nature of the privilege asserted; and

(g)      the basis for the assertion of the privilege.

### DOCUMENTS TO BE PRODUCED

1.      All communications you had with RRSB, Vogel, DBF, Schmitz, or Realtor from January 1, 2025, to present regarding Generations.

2.       All communications you had with RRSB, Vogel, DBF, Schmitz, or Realtor from January 1, 2025, to present regarding the Property.

3.      All documents in your possession related to your proposed purchase of the Property.

5

In re: Generations on 1st, LLC

**APS International, Ltd.**
**1-800-328-7171**

Service of Process by

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #: 173082-0001

## AFFIDAVIT OF SERVICE -- Corporate

Service of Process on:
--VKB Properties, LLC, c/o Patrick J. Sullivan as Registered Agent
Court Case No. 25-30002

CONMY FESTE LTD.
Ms Leslyn Anderson
3369 45th Street South
Fargo, ND 58104

State of: _Nebraska_ ) ss.
County of: _Douglas_ )

Name of Server: _Charles Casey_ , undersigned, being duly sworn, deposes and says that at the time of service, s/he was of legal age and was not a party to this action;

Date/Time of Service: that on the _17_ day of _June_ , 20_26_ , at _9:50_ o'clock _A_ M

Place of Service: at _1413 South Washington Street, Suite 300_ , in _Papillion, NE 68046_

Documents Served: the undersigned served the documents described as:
Notice of Subpoena; Certificate of Service; Subpoena;
Schedule of Documents to be Produced

Service of Process on: A true and correct copy of the aforesaid document(s) was served on:
**VKB Properties, LLC, c/o Patrick J. Sullivan as Registered Agent**

Person Served, and Method of Service: By delivering them into the hands of an officer or managing agent whose name and title is: _PATRICK J SULLIVAN - Registered Agent VKB Properties_

Description of Person Receiving Documents: The person receiving documents is described as follows:
Sex _M_ ; Skin Color _W_ ; Hair Color _grey_ ; Facial Hair _NA_
Approx. Age _60_ ; Approx. Height _6_ ; Approx. Weight _200_

☐ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

Signature of Server: Undersigned declares under penalty of _Charles Casey_ perjury that the foregoing is true and correct.

_Charles Casey_
Signature of Server

Subscribed and sworn to before me this _17th_ day of _June_ , 20_26_

_Jesus Pena_
Notary Public

09/02/2029
(Commission Expires)

**APS International, Ltd.**

GENERAL NOTARY - State of Nebraska
JESUS PENA
My Comm. Exp. September 2, 2029