IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| | ) | |

## JOINDER

Comes now Generations on 1st, LLC ("Generations" or the "Debtor"), by and through undersigned counsel, in support of the plan of reorganization (the "Plan"), ECF No. #391, set for a forthcoming hearing on confirmation, and states as follows:

The Debtor generally joins in—and adopts as its own—the arguments of Red River State Bank ("RRSB"), set forth in a brief of even date, *see* ECF No. 467, excepting Section I(C)(2) thereof. Concerning that portion of the subject brief, the Debtor does not dispute the veracity of the factual contentions advanced by RRSB. Nor does the Debtor take issue with the generalized thesis (namely that settlement language merits approval as part of the confirmation process). Rather, Generations submits that the settlement set forth in the Plan ought not be evaluated under Federal Rule of Bankruptcy Procedure 9019 because the settlement is not being advanced for freestanding approval through motions practice but, rather, is being advanced through the plan confirmation process. *See* 11 U.S.C. § 1123(b)(3) (allowing a plan to "provide for—(A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate. . .").

1

The utility of Rule 9019 is familiarly confined to trustees, *see* Fed. R. Bankr. P. 9019(a) ("On the trustee's motion. . ."), and, by extension, debtors-in-possession, *see* 11 U.S.C. § 1107(a). Yet plans of reorganization may be proposed by any party in interest, once a statutory exclusivity period has lapsed. *See* 11 U.S.C. § 1121(c). And while the Plan before this Honorable Court is a joint proposal, this is a case where RRSB—an entity that is not a debtor-in-possession and, as a matter of law, cannot ever be a debtor-in-possession, *see* 11 U.S.C. § 109(b)(2)—proposed a predecessor plan and has been instrumental in advancing this joint iteration of the Plan.

So it is, to some degree, antithetical to assume RRSB—or any other non-debtor party proposing a plan of reorganization—must navigate the confirmation process in conformity with a procedural rule that, per its express dictates, does not apply to anyone other than a trustee or a debtor-in-possession. A compromise advanced through plan confirmation is, ultimately, not the same as a compromise advanced through an ordinary Rule 9019 motion. *See In re Mallinckrodt PLC*, 639 B.R. 837, 863 (Bankr. D. Del. 2022) (". . . Rule 9019 is not the correct standard by which to measure the propriety of releases in a plan of reorganization. . .").

Much of the case law governing plan releases is anachronistic in wake of the Supreme Court's holding in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024). Prior case law addressing plan-centric releases often—albeit not always—concerned so-called "third party releases," and the exceptional circumstances requisite to invite insulation of a non-debtor from the claims of persons other than a debtor. *Id.*

Yet there does exist some precedent—from the *Mallinckrodt* Court and others—discussing the standards applicable to a release of a *debtor's* claims against a creditor, under a plan of reorganization, and how those are similar to—yet somewhat different from—the standards promulgated under Rule 9019. *See, e.g.*, *In re Quincy Med. Ctr.*, 66 Collier Bankr. Cas. 2d (MB)

1698,[1] 2011 Bankr. LEXIS 4405, at *6 (Bankr. D. Mass. Nov. 16, 2011) ("With respect to a debtor's releases, there is no reason why a debtor in its reasonable business judgment should not be permitted, as part of its own plan, to propose to release whomever it chooses. Bankruptcy Code § 1123(b)(3) contemplates such plan provisions which are analogous to Federal Rule of Bankruptcy Procedure 9019 compromises and settlements."); *In re Invitae Corp.*, 2025 WL 2314691, 2025 Bankr. LEXIS 1959, at *25 (Bankr. D.N.J. July 7, 2025) (discussing—in reliance on pre-*Purdue* third party release case law—a non-conjunctive set of five factors to be utilized when analyzing plan releases).

The question of an appropriate standard is likely academic insofar as the release proposed in the Plan is one that handily meets the rigors of Rule 9019 in any event. But, for purposes of the forthcoming confirmation hearing, the Debtor respectfully submits that the standard by which the Plan's release ought to be assessed is that of a reasonable exercise of business judgment. To impose a greater burden would be to conflate the permissive language of section 1123(b)(3)(A) with the more restrictive contours of Rule 9019.

Respectfully submitted,

Dated: July 6, 2026

By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

---

[1] There does not appear to be a Westlaw citation for this opinion.

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of July, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig