IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Case No. 25-30003 |
| | ) | (Chapter 11) |
| PARKSIDE PLACE, LLC | ) | |
| | ) | |
| Debtor | ) | (Jointly Administered) |
| _____ | ) | |

**SECOND AND FINAL APPLICATION OF THE DAKOTA BANKRUPTCY FIRM
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC d/b/a The Dakota Bankruptcy Firm (collectively, "DBF"), counsel to Generations on 1st, LLC ("Generations" or the "Debtor"), pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for (i) allowance of an additional $10,660.00 in attorney' fees, over and above that sought in a previous, interim application; and (ii) final approval of a previously-interim allowance of $35,016.67 in attorneys' fees and $304.05 in expenses; for a total of (iii) $45,980.72 in allowed compensation and reimbursements; with (iv) $36,702.05 to be paid in the form of an allowed administrative expense claim, pursuant to the Debtor's confirmed plan of reorganization (and with the remaining portion having been drawn from trust pursuant to a prior order allowing interim compensation, ECF No. 450), and in support thereof state as follows:

## I.      Introduction

After more than 18 months, the Debtor has confirmed a plan of reorganization and thusly commenced its exit from chapter 11. There is, no doubt, more work to be done—a sale needs to

1

close and a liquidating trust very likely has litigation to pursue. But such remaining work is beyond the scope of DBF's engagement as general reorganization counsel, with the extant engagement *de facto* terminating upon confirmation of the jointly-proposed plan. And DBF accordingly now seeks a final allowance of compensation in this matter, alongside ratification of an earlier-entered interim award of compensation.

## II.      Recitations Pursuant to Applicable Law

1.      The services for which new compensation is herein sought were performed between May 16, 2026 and July 25, 2026. Maurice VerStandig and Christianna Cathcart performed all billable work.

2.      DBF was previously awarded interim compensation of $35,016.67 in fees and $304.05 in expenses, on June 30, 2026. *See* ECF No. 450. That prior award has been partially paid through application of a $9,278.67 retainer, with the remaining $26,042.05 unpaid as of present.

3.      Complete time records for attorney work are appended hereto as Exhibits A and B. These records are comprised of two sub-parts: Exhibit A, which is pure time and expense records for this case; and Exhibit B, which is blended time and expense records for this case, as well as the matter of *In re Parkside Place, LLC*. In computing fees and expenses, DBF counts (i) 100% of those attributable to this case; and (ii) 50% of those attributable to the blended matter.

4.      No new expense reimbursements are sought in connection with this application (though ratification of prior expense reimbursements is sought). .

5.      The compensation sought hereunder, if approved, will be paid pursuant to a confirmed plan of reorganization.

6.      There is no agreement for DBF to share compensation with any third party.

2

### III.    Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded—and compensation requested—for each such project category is as follows:[1]

> a.  Case Administration – 5.6 Hours – $1,520.00
>
> b.  Plan and Disclosure Statement – 25.9 Hours – $8,640.00
>
> c.  Fee and Employment Applications – 1.25 Hours - $500.00

### IV.    Hourly Rate

Time has been billed in this case at the rate of $400.00 per hour for partner time and $200.00 per hour for associate time, with this application reflecting a blended rate of $325.49 per hour. These are the rates DBF often—albeit not always—charged to chapter 11 debtors in North Dakota at the time this case was filed, being premised upon (i) the rate normally charged by DBF's principal to debtors in other districts (typically between $450.00 and $600.00 per hour); (ii) the prevailing rates charged by other attorneys in this district (which, rather properly, tend to be lower than those assessed in other districts where DBF's principal frequently practices); (iii) the experience of DBF's principal; and (iv) a generalized economic observation of the rates that the North Dakota market seems most inclined to support. DBF has since raised its rates in North Dakota but elects to not seek compensation, premised upon such increased rates, in connection with this case at the present time (such increased compensation may be sought for later-performed work in a subsequent fee application).

---

[1] Insofar as certain time records are split between multiple cases, calculations of hours do not always fall into clean "tenth-of-an-hour" increments, and fees are in similarly uneven increments.

3

## V.    Discounts

In its discretion, DBF has declined to bill for certain activities—including myriad phone calls and e-mails—so as to ensure the fees sought herein remain reasonable in nature.

## VI.    Description of Services Rendered

The time records appended hereto as Exhibits A and B contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of these cases, in the form of briefs and other papers. By way of a generalized description, however, DBF notes that services for which compensation has not previously been sought are services chiefly focused on the confirmation of a plan of reorganization.

While DBF did work to ensure monthly operating reports were filed, cash collateral stipulations were honored, and the Debtor's chief restructuring officer was generally advised on all pertinent matters, DBF's primary focus for this time period was plan confirmation and disclosure statement approval. This included preparation for—and attendance at—a contested confirmation hearing.

## VII.    Conclusion

WHEREFORE, Maurice Belmont VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court (i) approve and ratify, on a final basis, fees in the sum of $45,676.67; (ii) approve and ratify, on a final basis, expenses in the sum of $304.05; (iii) award DBF an administrative claim of $36,702.05; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

4

Respectfully submitted,

Dated: July 26, 2026          By:     /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      The Dakota Bankruptcy Firm
                                      1630 1st Avenue N
                                      Suite B PMB 24
                                      Fargo, North Dakota 58102-4246
                                      Phone: (701) 394-3215
                                      mac@dakotabankruptcy.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit C (but not of this application or the other exhibits) is being sent, on the 27th day of July, 2026, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit D, *except* no copy will be mailed to (i) this Honorable Court; (ii) The Dakota Bankruptcy Firm; or (iii) the attorneys affiliated with The Dakota Bankruptcy Firm.

/s/ Maurice B. VerStandig
Maurice B. VerStandig