IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>GENERATIONS ON 1ST, LLC<br><br>     Debtor | Case No.:  25-30002<br>(Chapter 11) |
| In re:<br><br>PARKSIDE PLACE, LLC<br><br>     Debtor | Case No.:  25-30003<br>(Chapter 11)<br><br><br>(Jointly Administered) |

**INTERESTED PARTY JESSE CRAIG'S OBJECTION TO NOTICE OF FILING OF PROPOSED SECOND AMENDED PLAN FOR PARKSIDE PLACE, LLC**

Interested Party Jesse Craig ("Craig") objects to Red River State Bank's ("RRSB") Notice of Filing of Proposed Second Amended Chapter 11 Plan for Parkside Place, LLC (Doc. 515) (the "Second Amended Plan").  On July 27, 2026, less than one business day before the scheduled confirmation hearing, the Plan Proponent filed an entirely new Second Amended Plan together with a new evidentiary declaration. Those filings contain substantive revisions to the proposed plan of liquidation, including plan governance, implementation, and administration. No notice was given to counsel and parties in interest.  The amendments themselves demonstrate the original solicitation and disclosure were insufficient, and confirmation of the newly minted Second Amended Plan without adequate notice, improper solicitation, and an opportunity to respond is inappropriate.

1

**A.      The Second Amended Plan Violates Bankruptcy Code Section 1127.**

RRSB is not merely filing supplemental authority, it filed a Second Amended Plan on the eve of the confirmation hearing.  The revisions made cannot be characterized as "clarifying" amendments because they have substantively changed the proposed plan.  The Court should first determine: (a) whether the amendments shown in the Second Amended Plan are material; (b) whether they require resolicitation; (c) whether parties were afforded a meaningful opportunity to object; and (d) whether confirmation should be continued.

Courts routinely distinguish between immaterial modifications under § 1127 and modifications that alter creditor rights or the economics, administration or governance of the plan. In the time that Craig has had to review the Second Amended Plan, the proposed amendments are substantive changes intended to undercut the well-placed objections to the plan on the eve of the confirmation hearing.

**B.      The Second Amended Plan Modifications are not Merely Clerical.**

The Second Amended Plan contains numerous substantive revisions.  The Second Amended Plan materially changes the sale process by adding a backup buyer and a completely new marketing plan through Hilco should Archer Land Company, LLC and VKB Properties, LLC fail to close.  RRSB's brief also filed on July 27, 2026, argues in favor of the Second Amended Plan by arguing the Hilco backup sale process would be a meaningful market test, despite the fact that the property would never be marketed unless new identified buyers failed to close.  (Doc. 511 at 22).

The Second Amended Plan changes administration of the Plan by replacing references to the Plan Proponent with a Plan Administrator in multiple places, but then preserves the Plan Proponent as the backup administrator.

The Second Amended Plan also modifies provisions concerning the Creditor Trustee, particularly the Trustee who would serve directly in response to Craig's objection, despite that objection being known since the proposed plan was first filed.  Now, the Second Amended Plan has representations directly contrary to RRSB's prior arguments to this Court that the same fiduciary can serve in both the Parkside Place, LLC matter and the Generations on 1st, LLC matter. It also offers a backup trust without proper time for investigation and vetting and possible objection to the proposed backup trustee.  A declaration from Steven Huff is also provided addressing his qualifications and disinterestedness as an alternate Creditor Trustee. However, there has been no proper time to review and object.  Those are governance and implementation changes, not simple corrections, and interested parties should have time to revise and brief their objections.

For the forgoing reasons, if RRSB intends to argue for the Second Amended Plan at the confirmation hearing on July 28, 2026, the Court should postpone the confirmation hearing to allow for complete briefing and possible objections to the Second Amended Plan.

Dated this 28th day of July, 2026.

/s/ Douglas W. Murch
Douglas W. Murch, ND ID #05983
CONMY FESTE LTD.
3369 45th Street South
Fargo, ND  58104
(701) 293-9911
dmurch@conmylaw.com

ATTORNEY FOR JESSE CRAIG

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| In re:<br><br>GENERATIONS ON 1ST, LLC<br><br>      Debtor | Case No.:  25-30002<br>(Chapter 11) |
| --- | --- |
| In re:<br><br>PARKSIDE PLACE, LLC<br><br>      Debtor | Case No.:  25-30003<br>(Chapter 11)<br><br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee at the law firm of Conmy Feste

Ltd., and is a person of such age and discretion as to be competent to serve papers.

That on July 28, 2026, she served a copy of:

**INTERESTED PARTY JESSE CRAIG'S OBJECTION TO NOTICE OF FILING OF
PROPOSED SECOND AMENDED PLAN FOR PARKSIDE PLACE, LLC**

electronically by Notice of Electronic Filing upon all parties who have requested service in this

case by filing the same via ECF with the Bankruptcy Court in the District of North Dakota.

/s/ *Leslyn A. Anderson*
Leslyn A. Anderson

4